[No. 800. Decided July 21, 1893.]

CHARLES M. CURTIS, *Respondent*, v. JOHN JANZEN, *Defendant*, AND HENRIETTA JANZEN, *Appellant*.

EQUITABLE LIEN — DEPOSIT OF DEED AS SECURITY — ESTOPPEL.

The deposit of a contract for a deed by a purchaser of land as security for the payment of a promissory note creates, as between the parties to the security contract, an equitable lien which may be enforced against the land after its conveyance to the purchaser.

Where a wife constitutes her husband her agent for the purchase of land, which is her separate property, and he takes the contract for the land in his name, borrowing money to apply in payment therefor, and depositing the contract as security for its payment, the wife is estopped to deny the equitable lien created by the deposit of the contract, when she and her husband obtain possession of the contract by fraud and procure a deed to the land in her name.

*Appeal from Superior Court, Whatcom County.*

*Hughes & Rice,* and *G. V. Alexander*, for appellant.

*I. N. Maxwell*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— John Janzen made and delivered his promissory note to Charles M. Curtis, the respondent, for the sum of $324.75, and deposited with the agent of Curtis, as security for the payment of said note, a certain contract theretofore entered into between the said John Janzen and the Fairhaven Land Company, for the purchase by him, the said John Janzen, from the said company, of certain lots of land situated in the city of Fairhaven, Washington. Janzen was made and designated as vendee in said contract, and at the time the contract was deposited as security, the sum of $392 had been paid on the same. While the note was yet unpaid, Janzen, under the pretence of making a payment on the contract, and with the promise

to get the payment endorsed, and then to return it to Wyllie, the agent of the respondent, obtained possession of the contract, paid the amount due thereon, and had a deed for the lots described therein made to his wife, Henrietta Janzen, the appellant herein.

The complaint alleges that Janzen and his wife conspired together to cheat and defraud plaintiff, and to deprive him of his security, and alleges knowledge on the part of Henrietta Janzen of all the acts of her husband connected with the transaction, and prays that the judgment be made a lien upon the lots described in the contract which had been deposited as security; and the court decreed that the judgment was a lien upon said lots.

There is some dispute between the English and American decisions as to the effect of a deposit of title deeds as a security for payment of money, and also a conflict between the American authorities, but it seems to us that in this particular case it is not necessary to discuss this question. As between the parties to the contract, where there is an agreement that the deposit of the deed shall create an equitable lien, all the authorities agree that such equitable lien is created, and in this case the court found, and we think from the testimony rightfully found, that Mrs. Janzen was a party to the contract.

Accepting her own theory of the case, that the land is her separate property, the case is stronger against her. She allowed the contract to be made in the name of her husband, specifying him as grantee; the money was borrowed on this contract for her benefit, and went to pay for the land which she is now seeking to relieve from the lien which her agent, Janzen, agreed should attach to it. She made him her agent and held him out to the world as the beneficiary of the contract, and it would be gross injustice to allow her now to repudiate his contracts after she had received the benefits of them.

The rule that whenever a person has held out another as his agent, or authorizes him to act in a given capacity, or has knowingly and without dissent permitted such acts, and accepted the fruits of them, he will be bound by such acts so far as necessary to protect innocent parties who have dealt with such agent, is so elementary and so well established that the citation of authorities in support of it is not called for here. The testimony in this case is comparatively brief, but it convinces us that the allegations of the complaint are true; that the Janzens conspired together to fraudulently deprive respondent of his rightful security, and Mrs. Janzen, being a party to such conspiracy, is estopped from urging the defense that she urges here.

The judgment is affirmed.

STILES, HOYT, ANDERS and SCOTT, JJ., concur.