[No. 2184. Decided July 8, 1896.]

## C. S. MOODY, *Appellant, v.* C. J. NOYES *et al., Respondents.*

TRUSTS — POWERS OF TRUSTEE HOLDING LEGAL TITLE — ESTOPPEL — EQUITY — ENFORCEMENT OF LIENS.

The authority of a trustee to deal with real property, the legal title of which has been vested in him by the *cestui que trust*, cannot be questioned by third parties dealing with him, so long as such authority is not denied by the *cestui que trust*.

Where timber has been cut from land under authority of a license granted by an agent, the licensee and his assigns are estopped to deny the authority of the agent to execute the license.

Contracts made by the trustee of a corporation may be enforced by it in its own name.

A lien by contract is enforcible in equity, although the contract does not amount to a legal mortgage.

Where the object of an action is to have the interest of the defendant established and the priorities adjusted as between plaintiff and defendant, plaintiff cannot complain that defendant, although holding nothing more than a lien interest in the property, is awarded the priority of lien, when the evidence sustains such a finding.

Appeal from Superior Court, Skagit County. — Hon. HENRY McBRIDE, Judge. Affirmed.

*Million & Houser*, for appellant.

*Condon & Wright*, for respondent, Puget Mill Company.

Conceding for the moment that this respondent never had more than a lien interest in the property in question as security for a debt, yet it is entitled to have the court establish its interest and adjust the priorities between appellant and respondent. In so doing, the court will but decide an issue proposed by the appellant himself in his complaint. If this respondent has an equitable lien upon the property in question, a court of equity will enforce such a lien against one intermeddling with the mortgaged property. *Wetzel v. Webb*, 33 Pac. 1105; *Taylor v. Felder*, 23 S. W. 480; *First National Bank v. Sproull*, 16 South. 879; *Sibley v. Ross*, 50 N. W. 379.

If it shall be held that Noyes cut the timber under the authority of the Ledger license, then Noyes and Moody, as well as Ledger and all his privies are estopped from denying Walker's authority to execute the license and his ownership of the premises. For Moody cannot at once claim the benefit of the Ledger license and repudiate its obligations. *Hall v. Solomon*, 23 Atl. 876; *Waco Bridge Co. v. City of Waco*, 20 S. W. 137; *Glynn v. George*, 20 N. H. 114; *Hamilton, etc., Co. v. Cincinnati, etc. R. R. Co..* 29 Ohio St. 341; *Bigelow, Estoppel*, (5th ed.), 542.

Parties may by contract create a lien enforcible in equity, though the transaction does not amount to a legal mortgage. *Wood v. Holly Mfg. Co.*, 13 South. 948; 1 Jones', Liens, ch. 2. An owner of land who

licenses another to come on his land and cut timber to be paid for at an agreed price, can by the terms of his license retain a lien. *Sawyer v. Fisher*, 32 Me. 28; *Prentiss v. Roberts*, 49 Me. 127. Similarly a landlord can in a lease reserve a lien for rent upon the crops to be thereafter planted. *Sunol v. Molloy*, 63 Cal. 369.

The opinion of the court was delivered by

DUNBAR, J.—The court in this case found that on the 4th day of October, 1892, the defendant Noyes executed a chattel mortgage for a valuable consideration to the appellant Moody upon the logs which are the subject of this controversy, that the chattel mortgage was duly verified, acknowledged and recorded; that one Cyrus Walker was, and since has been, the owner in fee simple and of record, in trust for the Puget Mill Company, respondents herein, of the land from which the logs were cut, and that upon the said 5th day of June, 1889, while the said real estate was thus owned by the said Cyrus Walker and the Puget Mill Company, said Cyrus Walker, for himself, and as agent of said Puget Mill Company,—he being duly authorized to act in the premises,—executed to one Frank Ledger a license to cut and haul timber from the said above described land, and the said Frank Ledger in consideration thereof, for himself, his heirs and assigns, agreed to pay to the said Cyrus Walker as agent as aforesaid by way of stumpage for such timber the sum of $1.50 per thousand feet, board measure, for all logs so cut and hauled, and in the said license it was expressly agreed that the said Cyrus Walker should have a lien upon all logs and timber cut upon said premises under the said license to secure the sum of $1.50 per thousand feet reserved for stumpage as aforesaid; that the said license was

duly acknowledged and recorded upon the 6th day of
July, 1889; that the said Ledger subsequently to the
5th day of June, 1889, and prior to the said 20th day
of September, 1892, transferred and assigned to the
said C. J. Noyes all his right and interest in the said
license; that the said Noyes under and by virtue of
the said license and assignment thereof, entered upon
the land therein described in September, 1892, and
cut therefrom the logs in controversy, and thereby
became the owner of such logs, subject only to the
lien reserved in the license above described.  Many
other findings were made by the court, but we think
a recital of these sufficient for the purposes of this
opinion.

An action was brought by the appellant to foreclose
this chattel mortgage, Noyes defaulted, and the court
entered a decree granting judgment in favor of the
appellant against Noyes for the amount asked for,
but subjecting their lien to the lien of the respond-
ents, viz., the sum of $1.50 per thousand feet, and
from this judgment appeal is taken.

Briefs, somewhat elaborate, have been prepared by
counsel in this case, but we think the contention of
the appellant cannot be sustained.  The findings of
the court are sustained by the testimony, and in our
judgment the findings of facts sustain the law an-
nounced by the court.

The respondent, together with Walker as its trus-
tee, having a legal title, could deal with the premises
as the legal owner, subject to be called to account
only in a matter concerning the *cestui que trust,* and
it could maintain an action in its own name in any
matter affecting the trust property.  By investing
Walker with the legal title, as shown by the pleadings
and the testimony, they created him their agent, and

third parties, especially where notice is given of the action of the agent by record, as in this case, cannot question his authority so long as it is not denied by the *cestui que trust*.

We are also inclined to think from the record that Noyes cut the timber under the authority of the Ledger license, consequently Noyes, Moody and Ledger are estopped from denying Walker's authority to execute the license. We have examined the authorities cited by appellant under paragraph one of his brief, but do not think that they are in point. So far as the right of lien in the respondents is concerned in this case, this was a lien by contract, and was enforcible in equity although the contract did not amount to a legal mortgage. See 1 Jones on Liens, § 27 *et seq.*

But even if it be conceded that the respondent had nothing more than a lien interest in the property, he is entitled to have the interest established and the priorities adjusted: that was the object the appellant had in bringing it into court, and the deciding of this issue and establishing the priorities was in response to appellant's demand. It is an equitable proceeding; the parties in interest were before the court; the priorities were adjusted under competent testimony; and it seems to us in accordance with the right, as the facts were portrayed by the testimony.

The judgment will, therefore, in all things be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.