[No. 15497. Department One. December 15, 1919.]

JOHN G. MALM, *Respondent*, v. ELIZABETH GRIFFITH, *Appellant.*[1]

MORTGAGES (107, 113)—SALE BY MORTGAGOR TO MORTGAGEE—JUNIOR LIENS—RIGHT OF REDEMPTION. In view of Rem. Code, §§ 594, 595, entitling a junior mortgagee to redeem within one year after foreclosure of a senior mortgage, a senior mortgagee who took a quitclaim deed under an agreement for redemption within one year, without notice of a prior unrecorded mortgage, is not a *bona fide* purchaser for value, but takes subject to the junior mortgagee's right to redeem.

SAME (57)—PRIORITIES BETWEEN MORTGAGES. A conveyance to secure a pre-existing debt does not confer upon the grantee the right of a *bona fide* purchaser as against a prior unrecorded mortgage unknown to the grantee.

SAME (256, 257)—REDEMPTION—LACHES. Delay for eight years in recording a mortgage does not affect the mortgagee's right to redeem from a subsequent mortgage, where the only effect of the delay was to render it a second or junior mortgage.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 3, 1919, upon sustaining a demurrer to the answer and cross-complaint, in an action to quiet title. Reversed.

*Tom Alderson,* for appellant.

*Dan Earle,* for respondent.

PARKER, J.—The plaintiff, John G. Malm, commenced this action in the superior court for King county, seeking the quieting of his title to a lot in the city of Seattle, as against the claim of the defendant, Elizabeth Griffith, made under a mortgage thereon given to her by Edward C. Haydon and wife while the owners of the lot, who thereafter conveyed it to Malm at a time when he had no notice, either actual or constructive, of the existence of the mortgage, it not being recorded

[1]Reported in 186 Pac. 647.

until after the execution of the deed given to him. The cause was disposed of in the superior court upon Malm's demurrer to Mrs. Griffith's amended affirmative answer and cross-complaint. The court having sustained the demurrer, and Mrs. Griffith electing to stand upon her amended affirmative answer and cross-complaint, judgment was rendered against her quieting title in Malm as prayed for. From this disposition of the cause, Mrs. Griffith has appealed to this court.

The facts, as alleged in Mrs. Griffith's affirmative answer and cross-complaint, may be summarized as follows: On December 1, 1909, the Haydons executed and delivered to Mrs. Griffith their promissory note evidencing an indebtedness due from them to her of $3,000. To secure this indebtedness, they, at the same time, executed and delivered to Mrs. Griffith a mortgage upon the lot in question, they then being the owners thereof in fee simple. One-half of the principal and a considerable portion of the interest of the indebtedness evidenced by this note and mortgage remains unpaid. On September 25, 1913, the Haydons executed and delivered to the Fremont State Bank their promissory note evidencing an indebtedness from them to it of $1,000. To secure this indebtedness, they, at the same time, executed and delivered to the bank a mortgage upon the lot in question. On March 27, 1917, the bank duly assigned and transferred this note and mortgage to Malm. On May 31, 1917, for the purpose of avoiding foreclosure of this mortgage, the Haydons executed and delivered to Malm a conveyance of the lot in the form of a quitclaim deed. This conveyance we assume, as counsel on both sides do, was intended to be in satisfaction of the mortgage indebtedness and that Malm gave no other consideration for the conveyance, though the allegations of the affirm-

ative answer and cross-complaint are not clear upon this question. At the time of receiving this deed, the mortgage which had been given by the Haydons to Mrs. Griffith had not been recorded in the auditor's office of King county, but was thereafter recorded therein on January 7, 1918. It is alleged in the amended affirmative answer and cross-complaint that the quitclaim deed was given "under and by virtue of the terms of a certain agreement providing for the redemption from said mortgage by the said Edward C. Haydon and Mary Alice Haydon, his wife, the more specific and definite terms of which said agreement are unknown to the defendant." It is further alleged in the amended affirmative answer and cross-complaint:

"That the defendant had no knowledge of the existence of said mortgage made by said Edward C. Haydon and wife to said Fremont State Bank, and had no knowledge of its assignment thereof to the plaintiff, and had no knowledge of the contract in relation to the foreclosure of said mortgage, and no knowledge of the existence or delivery of said quitclaim deed prior to the month of January, 1918. That, when the defendant learned of the existence of said deed and the facts in relation to the mortgage of. said Fremont State Bank and the assignment thereof to the plaintiff, the defendant immediately endeavored to ascertain from the plaintiff the amount due the plaintiff upon his said mortgage and offered to tender to the plaintiff all moneys due to the said plaintiff by reason of said mortgage; that the plaintiff refused to disclose to the defendant the amount due to the plaintiff, and that the defendant was and is unable to tender to the plaintiff, by reason of said fact, the amount of money due the plaintiff under said mortgage; that the defendant is able, ready and willing to pay into court for the use and benefit of the said plaintiff all sums of money due under and by virtue of said note and mortgage, but that the said plaintiff refuses to accept any money from the defendant and claims to own said property."

It is contended in behalf of the appellant, Mrs. Griffith, that the respondent, Malm, having taken the quitclaim deed from the Haydons, whether taken as security or in payment of a prior existing mortgage debt due to him from them, he did not thereby become a *bona fide* purchaser of the lot for value, as against the right of Mrs. Griffith to redeem the lot from the claim of Malm made under his mortgage and quitclaim deed executed by the Haydons. We feel constrained to hold that this contention is well grounded under the facts as alleged in Mrs. Griffith's amended answer and cross-complaint. It seems to us that the respondent is in no better position than he would have been had he, at the time of taking the quitclaim deed to the lot from the Haydons, been the purchaser thereof at execution sale held under a court decree foreclosing his mortgage as against the Haydons. Under such a sale, Mrs. Griffith would have been entitled to redeem within one year thereafter (Rem. Code, §§ 594, 595), since manifestly she, in any event, became the holder of a mortgage against the lot, in effect, subsequent in time, because of subsequent recording, to the acquisition of the interest in the lot by Malm under the mortgage and quitclaim deed given him by the Haydons. It is plain from the allegations of the amended affirmative answer and cross-complaint that, in Mrs. Griffith's offer to, and demand made upon, Malm looking to redemption of the lot from the right and interest acquired therein by him under the mortgage and deed given to him by the Haydons, she did all that was required of her to secure her right of redemption. This was done by her well within one year after the receiving of the quitclaim deed by Malm from the Haydons.

It has become the settled law of this state, in harmony with the generally prevailing rule elsewhere, that

the mortgaging or conveying of property to secure a pre-existing debt does not confer upon the grantee the right of a *bona fide* purchaser for value, as against the right of those acquiring a prior interest in the property, though such acquired prior interests be unknown to the grantee. *McDonald v. Johns,* 62 Wash. 521, 114 Pac. 175, 33 L. R. A. (N. S.) 57; *Brace v. Superior Land Co.,* 65 Wash. 681, 118 Pac. 910; *Thomas v. Grote-Rankin Co.,* 75 Wash. 280, 134 Pac. 919; *Connecticut Investment Co. v. Demick,* 105 Wash. 265, 177 Pac. 676. This rule and the reason therefor is equally applicable to a lien claimed by a judgment creditor, even after he becomes a purchaser at execution sale held under his judgment, in any event, up until the time for redemption has expired, and he thereupon is given a sheriff's deed conveying absolute title to him in satisfaction of his judgment, or such portion thereof as his bid may represent. Whether he thereafter stands in the position of a *bona fide* purchaser for value, as against prior unknown and unrecorded claims or interests in the property so acquired by him, we may, for present purposes, regard as a debatable question. It is at least certain, under our decisions, that, until the time prescribed for redemption has expired, and absolute title vests in such a purchaser at execution sale, he is not a *bona fide* purchaser for value, as against the redemption right possessed by grantees and lienors who have acquired interests in the property prior to his judgment or lien upon which it rests, though he have no notice thereof, either actual or constructive. *Scott v. McGraw,* 3 Wash. 675, 29 Pac. 260; *Benney v. Clein,* 15 Wash. 581, 46 Pac. 1037; *Dawson v. McCarty,* 21 Wash. 314, 57 Pac. 816, 75 Am. St. 841; *Hacker v. White,* 22 Wash. 415, 60 Pac. 1114, 79 Am. St. 945; *Woodhurst v. Cramer,* 29 Wash. 40, 69 Pac. 501; *Rohrer v. Snyder,* 29 Wash. 199, 69 Pac. 748;

*Bloomingdale v. Weil,* 29 Wash. 611, 70 Pac. 94; *Lee v. Wrixon,* 37 Wash. 47, 79 Pac. 489; *American Savings Bank & Trust Co. v. Helgesen,* 67 Wash. 572, 122 Pac. 26, Ann. Cas. 1913A 390; *Ransom v. Wickstrom & Co.,* 84 Wash. 419, 146 Pac. 1041, L. R. A. 1916A 588.

We are of the opinion that the facts alleged in appellant's amended affirmative answer and cross-complaint, while not specific as to the period agreed upon within which the Haydons might redeem the lot from Malm, mean that the Haydons were to have at least the one year prescribed by statute within which to redeem, since it is alleged that the quitclaim deed was given "for the purpose of avoiding foreclosure of said mortgage"; and we are further of the opinion that no agreement could have been made between the Haydons and Malm, in connection with the giving and receiving of that conveyance, which would have taken away from Mrs. Griffith her right of redemption within one year following the execution of that conveyance. It follows that, since Mrs. Griffith is, in this action, seeking only to enforce her right of redemption as against the rights of Malm acquired under his mortgage and quitclaim deed, her amended affirmative answer and cross-complaint states a good defense and cause of action against Malm.

Contention is made in Malm's behalf that, because of the delay on the part of Mrs. Griffith in recording her mortgage, for a period of some eight years following its execution, she should now be denied the right of redemption, upon the grounds of laches in that regard on her part. This, we think, was not a delay available to respondent as laches on the part of Mrs. Griffith, in so far as her right of redemption is concerned. Were she seeking to make her mortgage superior to the mortgage and conveyance under which Malm claims, it is possible the question of her laches

would be of some moment. We see no effects flowing from the delay in the recording of Mrs. Griffith's mortgage other than to render it, in effect, a second or junior mortgage to Malm's mortgage.

We notice that, by the allegations of Malm's complaint and the denials of Mrs. Griffith's answer, there is put in issue the question of Malm's actual knowledge of the existence of Mrs. Griffith's mortgage when he received the quitclaim deed from the Haydons. While we have ignored this tendered issue in our discussion of what counsel have regarded as the real question here involved, we do not desire to be understood by this decision as eliminating that issue from the case. We are not deciding that it is admitted by the pleadings that Malm had no actual notice of the existence of Mrs. Griffith's mortgage. That is a question open to proof upon the trial under the pleadings, and if it be proven that Malm did have actual notice of Mrs. Griffith's mortgage when he received the mortgage and quitclaim deed from the Haydons, Mrs. Griffith would have at least the right of redemption which she is seeking to enforce in this action.

The order sustaining Malm's demurrer to Mrs. Griffith's amended affirmative answer and cross-complaint, and the judgment rendered against her upon her election to stand thereon and not further plead, are reversed, and the cause remanded to the superior court for further proceedings not inconsistent with the view herein expressed.

HOLCOMB, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.