[No. 20343.  Department One.  April 15, 1927.]

BELLE SPEIRS *et al., Respondents,* v. MARTIN E. JAHNSEN
*et al., Defendants,* WM. R. GRANSTON
*et al., Appellants.*[1]

[1] CONTRACTS (66)—CONSTRUCTION AND OPERATION—CONSTRUING INSTRUMENTS TOGETHER.  Where there was evidence that two instruments were executed at the same time and both were filed for record at the same time, and there was no conflict between the instruments, they must be construed together as one contract.

[2] ESCROWS (4, 6)—LIENS (1)—EFFECT OF DELIVERY OR WRONGFUL PROCUREMENT OF ESCROW—EQUITABLE LIEN.  Where plaintiff, in part payment of a building contract, made a deed of other property to the contractor to be held in escrow until the building was completed according to the terms of the contract and the escrow was delivered before the completion of the building, there is an equitable lien upon the land conveyed, in favor of plaintiff, as security for the performance of the building contract.

[3] MORTGAGES (58)—PRIORITIES BETWEEN MORTGAGES AND OTHER LIENS.  Where an absolute deed is given as a mortgage to secure an antecedent debt, the contractor is not a *bona fide* purchaser, but takes subject to an equitable lien upon the property prior in time to the mortgage.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered March 30, 1926, upon findings in favor of the plaintiffs, in an action to foreclose an equitable mortgage.  Affirmed.

*Christopher Jacobsen,* for appellants.

*Dan Earle,* for respondents.

FULLERTON, J.—On January 27, 1925, and for sometime prior thereto, the respondent, Belle Speirs, was the owner of real property situated in the town of Kirkland, in King county, and also held a contract of purchase for certain lots situated in the city of Seattle.

[1]Reported in 255 Pac. 117.

On the date given, she entered into a contract with the defendant, Martin .E. Jahnsen, by the terms of which Jahnsen agreed to erect for her a dwelling house on one of the Seattle lots, thereafter to be selected, and turn it over to her free and clear of all incumbrances within a specified time, for a consideration of three thousand seven hundred dollars. The consideration was to be paid in cash in the sum of two hundred dollars, and by a conveyance of the Kirkland property at a valuation of three thousand five hundred dollars. The cash consideration was paid at the time the contract was consummated, and a deed to the Kirkland property was then executed. It was agreed, however, that the deed should be put in escrow and be delivered on the completion of the building.

After the contract was entered into, a lot was selected on which to erect the building, and Jahnsen entered upon the work of erection. He, however, met with financial difficulties and quit the work before the building was fully completed, leaving it subject to liens for labor and material. The respondent completed the building and satisfied the lien claims against the property, expending in that behalf sums aggregating in principal, interest and costs, $1,883.39.

The deed to the Kirkland property, while it was agreed that it should remain in escrow, was, shortly after its execution, delivered to Jahnsen, who caused it to be recorded. Thereafter Jahnsen mortgaged the property to secure a loan made to him in the sum of one thousand dollars, and later on deeded the property to the appellants, Wm. R. Granston and Helen V. Granston, his wife, "subject to mortgages, liens and charges now against said premises," for a recited consideration of ten dollars. The deed, while in form a deed of warranty, is conceded to be a mortgage, intended to

secure an indebtedness owing by Jahnsen to the grantee, Wm. R. Granston, which was shown at the trial to be some twelve hundred dollars.

The respondent, conceiving that she had an equitable lien upon the Kirkland property as security for the faithful performance of the building contract by Jahnsen, began the present action to establish and foreclose the lien. In her complaint, she set out her agreement with Jahnsen, set up the deed from Jahnsen to Granston and wife, averred that the deed was intended as a mortgage to secure a past due indebtedness, and further averred that as a mortgage it was subsequent and inferior to her lien. Jahnsen, although made a party to the action, defaulted. Granston and wife answered, admitting that the deed to them was intended as a mortgage, but denying the other allegations of the complaint. The court, at the conclusion of the trial, entered a decree establishing the lien, decreed that it was a first and superior lien to the lien of the appellants, and entered the usual decree of foreclosure and sale.

The contract between the respondent and Jahnsen was evidenced by two instruments, which bear on their face evidence that they were drawn at different times. The first was undated, and stated in somewhat general terms the agreement between them, and it was this instrument that contained the agreement that the deed to the Kirkland property should be put in escrow until the building agreed to be erected by Jahnsen was completed and ready to be turned over to the respondent. The second instrument is dated as of January 27, 1925, and recites with more detail the character of the house that is to be constructed, and provides Jahnsen shall complete the building and deliver it to the respondent not later than April 15, 1925, free and clear of all incumbrances. It makes no reference to the manner in

which Jahnsen is to be paid for his services, nor does it make any reference to an escrow agreement; it simply recites that Jahnsen, "for and in consideration of the sum of thirty seven hundred ($3,700) dollars in hand paid to him, receipt whereof is hereby acknowledged, does promise and agree" to construct the building.

[1] It is the appellants' first contention that the latter contract supersedes the first, and as it contains no reference to an escrow, there is no foundation for the respondent's claim of an equitable lien. But, as we read the record, this contention mistakes the evidence. Jahnsen had no recollection of the first of the instruments at all, although admitting that it bore his signature, and that it must have been executed by him. The respondent testified that both instruments were executed at the same time, at the office of the real estate agent who was instrumental in bringing about the contract, and were delivered at that time as evidencing the contract between them. Both instruments, furthermore, were filed for record, and bear the endorsement of the county auditor as having been filed at the same hour and minute of time. There is no conflict between the terms of the instruments. The second one mentioned simply states with particularity certain parts of the agreement which the first stated in general terms. Nor is it material that they may have been prepared at different times. A contract becomes obligatory at the time it is delivered as such. The trial court, therefore, did not err in construing the two instruments as constituting one contract.

[2] Nor do we think the court erred in treating the contract as creating an equitable lien upon the Kirkland property. The rule is general that every express executory agreement in writing whereby the contracting party sufficiently indicates an intention to make

some particular property a security for an obligation, creates an equitable lien upon the property so indicated, enforcible, not only as between the parties, but also as to incumbrances with notice. Nor is it necessary that the contract be in express terms a security. It is enough if it clearly appears from the contract as a whole that security was intended, for equity will imply a security without express recital if from the nature of the contract it clearly appears that such was the intention of the parties. *Hossack v. Graham,* 20 Wash. 184, 55 Pac. 36; *American Savings Bank & Trust Co. v. Lawrence,* 114 Wash. 198, 194 Pac. 971.

That it was the intention of the parties in this instance, that the Kirkland property should be held by the respondent as security for the faithful performance of the contract on the part of Jahnsen, would hardly seem to admit of doubt. The agreement that the deed should remain in escrow until the completion of the building, could hardly have had any other purpose.

[3] But the appellants say that they stand on the plane of purchasers for value without notice. But, as we view the record, such is not their situation. The deed was security merely and was taken to secure a past due indebtedness; and, as we said in *McDonald & Co. v. Johns,* 62 Wash. 521, 114 Pac. 175, 33 L. R. A. (N. S.) 57 (quoting from 27 Cyc. 1191):

" 'A creditor who takes a mortgage on realty merely as security for the payment of a debt or demand already due to him, and without giving any new consideration or being induced to change his condition in any manner, is not entitled to the protection accorded to a *bona fide* purchaser for value, as against prior liens or equities.' "

See, also, *Malm v. Griffith,* 109 Wash. 30, 186 Pac. 647; *People's Savings Bank v. Bates,* 120 U. S. 556.

The judgment is affirmed.

FRENCH, MITCHELL, MAIN and ASKREN, JJ., concur.