[No. 20662.  Department One.  August 25, 1927.]

HELEN SEWARD, *Respondent*, v. AUSTIN H. SEWARD
et al., *Appellants*.[1]

[1] DIVORCE (50)—JUDGMENT (156)—COLLATERAL ATTACK—EFFECT OF RECORD. Where a divorce was granted upon findings that the parties were duly married and ever since had been and now are husband and wife, the judgment cannot be collaterally attacked by asserting that a property settlement between the parties was without consideration because the marriage was void.

[2] MORTGAGES (12-1)—CONTRACTS (26)—CONSIDERATION—PROPERTY AND RIGHTS THEREIN. A quit claim deed to property standing in the name of the grantor is a sufficient consideration for a note and mortgage given by the grantee.

[3] MORTGAGES (57, 64, 68)—PRIORITIES BETWEEN MORTGAGES—PRIORITY OF RECORD — SUBSEQUENT BONA FIDE MORTGAGEES. A mortgage, subsequent in time but first recorded, given for an antecedent debt, confers no right upon the mortgagee as a *bona fide* purchaser for value, and is inferior to the lien of a prior mortgage subsequently recorded.

[1] Reported in 258 Pac. 856.

[4] APPEAL (375)—REVIEW—MATTERS NOT BEFORE THE LOWER COURT. In a mortgage foreclosure, error cannot be assigned in failing to also foreclose a second mortgage, where it was not offered in evidence or any request made for its foreclosure.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered October 11, 1926, in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*H. E. Foster,* for appellants.

*Karr & Gregory,* for respondent.

MAIN, J.—This action was brought to foreclose a real estate mortgage. The cause was tried to the court without a jury, and resulted in findings of fact sustaining the right to foreclosure. From the judgment entered in accordance with the findings and conclusions, the defendants appeal.

The respondent and the appellant Austin H. Seward were married in Victoria, B. C., on September 18, 1920. The respondent had, prior thereto, been divorced from her then husband, and the six months period in which she might contract another marriage had not expired. After the marriage ceremony was performed, the parties returned to Kitsap county, where they resided upon a tract of land consisting of ten acres, upon which there was a dwelling house and some other improvements. In April, 1924, they ceased to live together, and sometime thereafter Seward brought an action for divorce against the respondent. The findings in that case recite that the parties were married on the date above stated and that "ever since said time have been and now are husband and wife." The findings and conclusions were entered on March 17, 1925, and, on the same day, an interlocutory judgment was entered. In the judgment, the property settlement made be-

tween the parties was expressly approved. The property settlement, there referred to, was evidenced by a written agreement executed by the parties on August 15, 1924. That agreement, after making certain recitals, in part is as follows:

"Now, therefore, it is hereby agreed by and between Austin H. Seward, husband, and Helen Seward, wife, that the said Helen Seward will by quit-claim deed convey and quit-claim all of her right, title and interest in and to the above described real estate to the said Austin H. Seward, the same to be the property of the said Austin H. Seward, free and clear of any claim of this defendant, except as hereinafter stated.

"It is further agreed that at the time and as a part of the transaction by which said property is conveyed by the wife to the husband, that the said Austin H. Seward will execute and deliver to Helen Seward his promissory note in the principal sum of one thousand ($1,000) dollars, payable in semi-annual installments of one hundred ($100) dollars each, said note to bear six per cent interest, and that he will also execute and deliver at said time to the said Helen Seward a mortgage upon the real estate hereinabove described in the principal sum of one thousand ($1,000) dollars to secure the payment of said note, which said mortgage shall be a first lien upon said real estate save and except a mortgage which the said Austin H. Seward is now negotiating for, for the purpose of taking up and paying off that certain mortgage in the sum of eight hundred ($800) dollars, now in the process of foreclosure, said first mortgage, however, shall in no event be in excess of nine hundred ($900) dollars."

In pursuance of the property settlement, the appellant Seward on November 28, 1924, gave to the respondent a promissory note in the sum of $1,000 which was secured by a mortgage upon the property above mentioned. This mortgage was recorded on March 26, 1925. On January 26, 1925, Seward mortgaged the same property to Margaret E. Garrett to secure the

payment of a promissory note in the sum of $2,250. This mortgage was recorded on March 20, 1925. It thus appears that the Garrett mortgage was subsequent in time, but prior as to the date of recording. The evidence shows that the Garrett mortgage was given to secure a pre-existing indebtedness which had been contracted during the year 1924.

[1] Upon the trial of the present action, the appellants offered evidence, which was rejected, which they claimed would show that the marriage contracted in Victoria, B. C., was void and, for that reason, there was no consideration for the property settlement agreement. The appellant Seward was a party to the divorce action, in which it was expressly found that the parties were duly married on September 18, 1920, and ever since that time "have been and now are husband and wife." From the judgment entered in that case in accordance with the findings there was no appeal. Seward, being a party to the judgment, cannot now go back of the findings and attack the validity of the mortgage. *Kromer v. Friday,* 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; *Winstone v. Winstone,* 40 Wash. 272, 82 Pac. 268; *Meeker v. Mettler,* 50 Wash. 473, 97 Pac. 507.

As to the appellant Margaret Garrett, it will be assumed that, in this proceeding, she had the right to raise the question as to a consideration for the property settlement agreement in the divorce action between Seward and the respondent. Without so deciding, it will also be assumed that, if the marriage in Victoria, B. C., was void, Margaret Garrett could urge that as lack of consideration for the property settlement, if there were no other consideration which would sustain that agreement.

[2] As appears from the excerpt from the agreement quoted, the title to the property stood in the name

of the respondent. She agreed to convey the same by quit claim deed. As a part of the transaction, Seward agreed to execute and deliver the promissory note and mortgage to the respondent. The transfer of the property by respondent to Seward by quit claim deed was an adequate consideration for the note and mortgage given therefor, and which are the basis of the present action.

[3] The next question is, whether the mortgage of the respondent or of Margaret Garrett is superior, the respondent's mortgage being executed prior, but recorded subsequently, to the other one. As stated, Margaret Garrett's mortgage was to secure a pre-existing indebtedness. In *Malm v. Griffith,* 109 Wash. 30, 186 Pac. 647, on this question it was said:

"It has become the settled law of this state, in harmony with the generally prevailing rule elsewhere, that the mortgaging or conveying of property to secure a pre-existing debt does not confer upon the grantee the right of a *bona fide* purchaser for value, as against the right of those acquiring a prior interest in the property, though such acquired prior interests be unknown to the grantee."

The cases of *McDonald & Co. v. Johns,* 62 Wash. 521, 114 Pac. 175, 33 L. R. A. (N. S.) 57; *Brace v. Superior Land Co.,* 65 Wash. 681, 118 Pac. 910; *Thomas v. Grote-Rankin Co.,* 75 Wash. 280, 134 Pac. 919, and *Connecticut Inv. Co. v. Demick,* 105 Wash. 265, 177 Pac. 676, are to the same effect.

Margaret Garrett's mortgage being given to secure a preexisting indebtedness, she was not a *bona fide* purchaser for value as against the prior right of the respondent under her mortgage.

[4] There is something said in the briefs to the effect that the court should have also foreclosed the mort-

gage of Margaret Garrett. That mortgage and the note which it secures were not introduced in evidence. The appellants offered no evidence, but rested at the conclusion of the respondent's case in chief. It does not appear that the trial court was requested to foreclose this mortgage. There was no error in this regard.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, and FULLERTON, JJ., concur.