[No. 24570.   Department Two.   September 7, 1933.]

THE REDEMPTORIST FATHERS OF THE STATE OF WASHINGTON, *Appellant,* v. GEORGE A. PURDY *et al.,* *Respondents.*[1]

*Padden & Moriarty,* for appellant.

*Edwin H. Flick* and *Herald A. O'Neill,* for respondents.

BLAKE, J.—This is an action on a promissory note and mortgage, executed October 15, 1928, by defendants Purdy to plaintiff. The property is located in the Denny Hill re-grade district and is described as lots 5 and 6, block T, Bell's Sixth Addition to Seattle.

The defendants Nelson were joined as parties asserting some claim to the property. They filed an

[1]Reported in 24 P. (2d) 1089.

answer setting up the nature of their claim, which is based upon the following instrument:

"ENCUMBERED PROPERTY

"Contract No. 7.

"AGREEMENT MADE this 7th day of November, 1928, between George Nelson & Co., party of the first part, hereinafter called the Contractor, and G. A. Purdy, party of the second part, hereinafter called the Owner,

"WITNESSETH: That whereas the Contractor has entered into a contract with the City of Seattle, for the improvement of 6th Avenue and other streets in said city, under Ordinance No. 55595 L. I. D. 4518 with which said contract the owner is familiar and the owner desires to take advantage of the provision of said contract relating to the removal of earth from private property and to have his property hereinafter described, excavated to street level as provided in said contract, it is agreed:

"(1) The party of the second part, being the owner of the following described tracts, parcels and/or lots situated within the limits of said improvement, to-wit:

"Lots 5 and 6 in Block T, Bell's Sixth Addition to Seattle, King County, Washington, and desiring to have said property graded to a depth of an even plane with the abutting street and alley, do agree that the party of the first part, the Contractor, shall excavate and remove the earth from off said property to a depth of an even plane with the grade of the abutting street and alley.

"(2) The Contractor accepts said employment and undertakes and agrees to excavate and remove the earth from the above described property to a depth of an even plane with the grade of the abutting street and alley within the time of the completion by the Contractor of said contract with the city, upon the following terms, conditions and for the following considerations:

"a. The owner covenants and warrants that said property is and will remain free and clear of all liens and encumbrances except such as are now against the same, viz: Mortgage of $20,000 to The Redemptorist Fathers of the State of Washington, . . .

"c. As full compensation to the Contractor for so excavating said property, the Owner promises and agrees to pay to the Contractor twenty-five cents per cubic yard for each and every yard of earth so excavated and/or removed therefrom; the amount of earth so removed to be determined solely by the City Engineer of the City of Seattle or his deputy in charge of the work, whose decision in that regard shall be final and conclusive. It is agreed that there are 11,258 cubic yards to be removed, making amount to be paid Contractor $2,814.50.

"d. The Owner shall and do agree to pay the Contractor for so excavating said property at the Contractor's office, 231 Summit Avenue, Seattle, as follows:

"In two equal payments; the first immediately upon the Contractor having removed from said property one-half of the total amount of earth to be removed therefrom, and the second when the Contractor shall have removed from said property all of said earth as herein agreed.

"But under no circumstances is the contractor to call on the owner or demand any payment whatever until January 10th, 1929.

"e. It is agreed that the Contractor do not release, but expressly reserve the right of lien under the laws of the State for such work.

"George Nelson & Co.
"*By* Wm. G. Bender, *Contractor.*
"G. A. Purdy, *Owner.*

"Dated at Seattle, this 7th day of November, 1928.

"Consent of Encumbrancer

"Whereas, the undersigned are the owners and holders of the mortgage liens referred to in Subdivision a of paragraph 2 thereof and the grading of said property as provided in said contract, will be beneficial thereto, do hereby agree that the claim of the contractor for such grading to an amount not exceeding twenty-five cents per cubic yard of dirt removed from said property, whether the same be taken in the form of a mortgage executed to the Contractor by the Owner

or by a lien filed thereon by the Contractor, shall be prior and superior to the lien held by the undersigned. "Dated this 30th day of November, 1928.

"The Redemptorist Fathers
of the State of Washington,
By F. X. Kuhn, Pres.

(Later) H. J. Ramsey, Colman Bldg."

The court entered judgment foreclosing the mortgage, but held that the instrument above set out was an equitable mortgage, which, by virtue of the consent of plaintiff, constituted a prior lien to the mortgage. From the latter portion of the decree, plaintiff appeals.

■ There can be no question that appellant's "consent of encumbrancer" is binding upon it, if the principal instrument, in law, constitutes an equitable mortgage as between Nelson and Purdy. Nor can there be any question that the consent is not binding, if the principal instrument is insufficient to establish an equitable lien; for the consent of appellant can neither enlarge nor contract the scope of the principal agreement between Nelson and Purdy.

■ The essence of an equitable mortgage is the intent of the parties to create a lien on the property described to secure the principal obligation. If the intent is present, equity will establish the lien, not only between the parties, but against purchasers or encumbrancers with notice. Pomeroy, Equity Jurisprudence (4th ed.), § 1235. The intent may be derived from the express language of the agreement, or by necessary implication. *Hossack v. Graham*, 20 Wash. 184, 55 Pac. 36; Jones on Mortgages (8th ed.), § 225. But the intent must appear unequivocally. *In re Springer's Estate*, 97 Wash. 546, 166 Pac. 1134; *American Sav. Bank & Trust Co. v. Lawrence*, 114 Wash. 198, 194 Pac. 971.

Measured by this rule, we find nothing, either ex-

press or implied, from which an intent to create a lien can be inferred from the agreement between Nelson and Purdy. Indeed, whatever implication is to be drawn is to the contrary. For the instrument itself "expressly reserves the right of lien under the laws of the state for such work." If the parties intended the agreement itself to create a lien upon the property, they could easily have expressed such intent. Furthermore, had that been their intent at the time the instrument was executed, the reservation of Nelson's right to a statutory lien would have been superfluous.

While, as we have said, the "consent of encumbrancer," executed by appellant, can neither expand nor contract the effect of the principal agreement, it does aid in determining the intent of Nelson and Purdy. It, too, by its terms, contemplates that a lien was to be effected at some future time; that the lien was to be effected either by the execution of a mortgage or by filing a statutory lien, neither of which was done.

The contract creates merely a personal obligation on the part of Purdy to pay for the removal of earth from the lots. It is no different than a contract to excavate for a foundation or a contract to erect a building. It can hardly be contended that such a contract would create a lien. If it did, there would be no occasion for lien laws.

Respondent cites the following decisions of this court, in which equitable liens were effectuated: *Curtis v. Janzen,* 7 Wash. 58, 34 Pac. 131; *Moody v. Noyes,* 15 Wash. 128, 45 Pac. 732; *Cannon Hill Co. v. Moore,* 100 Wash. 247, 170 Pac. 551; *Speirs v. Jahnsen,* 143 Wash. 297, 255 Pac. 117. In all these cases, it was held that, either expressly or by necessary implication, the agreement evidenced a present intent to create a lien. The facts in those cases are so obviously different

than the facts in the present case we do not feel it necessary to discuss them. In the case at bar the agreement fails to show any present intent on the part of Nelson or Purdy to create a lien.

The portion of the judgment appealed from is, therefore, reversed.

BEALS, C. J., MAIN, STEINERT, and TOLMAN, JJ., concur.