[No. 927-3. Division Three. January 14, 1975.]

PACIFIC NATIONAL BANK OF WASHINGTON, *Respondent*, v. GERALD S. RICHMOND et al., *Defendants*, HUDSON'S BAY COMPANY FUR SALES INCORPORATED, *Appellant*.

*Ronald J. Meltzer* and *W. John Sinsheimer* (of *Koenigsberg, Brown, Sinsheimer, Stone & Meltzer*), for appellant.

*Patrick C. Comfort* (of *Comfort, Dolack, Hansler, Hulscher, Rosenow & Burrows*), for respondent.

MUNSON, J.—Hudson Bay Company (hereinafter Company) appeals from a decree foreclosing a real property mortgage. The trial court found Pacific National Bank of Washington (hereinafter Bank) to be a holder of a prior recorded mortgage and entitled to a lien preference over the equitable interest claimed by the Company.

The Bank, over a period of years, had granted loans to an individual and his corporation to assist in financing a mink breeding and pelting business. The outstanding balance of these loans at the time pertinent was approximately $245,000, secured by a security agreement on the mink and their progeny.

In April 1969, the mink rancher needed additional production financing. After being refused by the Bank, the rancher contacted the Company, which ultimately agreed to loan him $280,000 provided the Bank would subordinate its interest in the mink to that of the Company. The Bank acquiesced, and subordinated its security interest, on or about April 22, 1969. Later, the Bank obtained a real property mortgage on the mink ranch, which was filed of record

May 20, 1969. On January 29, 1970, the Company obtained a mortgage on the same property which was filed of record January 30, 1970.

In its 25 assignments of error, the Company raises basically four issues:

(1) Equity should estop the Bank from claiming a position of priority because an agent of the Bank misled them;

(2) Equity should estop the Bank from claiming a position of priority in that there existed an oral agreement between the Bank and the Company by which the Company was to obtain a first mortgage on the ranch.

(3) The Bank as a mortgagor, was not a bona fide purchaser without notice; hence, it cannot prevail over the Company's equitable mortgage; and

(4) The Company's right as an equitable mortgagee should prevail because the Bank was not a purchaser for value.

After the rancher had contacted the Company for financing, agents of the Company had several telephone conversations with an agent of the Bank at its branch in Ellensburg. During these conversations the agent told the Company that the rancher's realty was free and clear of all liens. This statement was true at the time it was made; however, the Company contends the agent should have disclosed to the Company that the Bank intended to obtain a first mortgage upon the ranch. From the testimony, exhibits, and the demeanor of the witnesses, the trial court concluded that the Company had not been misled, and furthermore, that no oral agreement existed between the Bank and the Company by which the Company was to obtain a first mortgage on the ranch. The trial court further found that the Bank was under no legal duty to disclose to the Company its intention to obtain a first mortgage.

Whether the Company was misled, or acted pursuant to an oral agreement with the Bank, were questions of fact to be determined by the trial court. A trial court's determination of factual issues, supported by substantial

evidence, will not be disturbed on appeal. *State v. Chapman*, 84 Wn.2d 373, 526 P.2d 64 (1974); *Agranoff v. Jay*, 9 Wn. App. 429, 512 P.2d 1132 (1973); *Federal Fin. Co. v. Solomon*, 7 Wn. App. 626, 501 P.2d 627 (1972); *Rognrust v. Seto*, 2 Wn. App. 215, 467 P.2d 204 (1970). This record, including the exhibits, comes within this rule.

We further find that the necessary elements of an estoppel are not present here. *Arnold v. Melani*, 75 Wn.2d 143, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968); *Kessinger v. Anderson*, 31 Wn.2d 157, 196 P.2d 289 (1948); *Matthews v. Richmond*, 11 Wn. App. 703, 525 P.2d 810 (1974); *Mercer Island v. Steinmann*, 9 Wn. App. 479, 513 P.2d 80 (1973).

The first element of an estoppel in pais requires that there be an admission, statement, or action inconsistent with a claim otherwise asserted. Whether the evidence preponderates in the establishment of this element is a question of fact. The statement that the ranch was free and clear, admittedly made by the Bank's agent, was a true statement at the time it was made. It is consistent with the Bank subsequently obtaining a first mortgage. To draw from that statement an inference that the Bank is compelled in equity to refrain from seeking security to replace that given by the subordination agreement is chimerical. The allegation of an oral agreement to allow the Company to obtain a first mortgage presents a more realistic position; however, this too fails in light of the finding by the trial court that no such agreement was made. The first element of an estoppel in pais was not proved. Hence, there is no estoppel.

Nor can we conclude that the Company's junior lien status is elevated by the doctrine of estoppel as a result of the Bank's silence and failure to communicate its alleged intent to obtain a real property mortgage. An estoppel will not lie where both parties have equal ability to ascertain the truth of that which they claim as a basis for the estoppel. *Leonard v. Washington Employers, Inc.*, 77 Wn.2d 271,

280, 461 P.2d 538 (1969); *Waldrip v. Olympia Oyster Co.*, 40 Wn.2d 469, 476, 244 P.2d 273 (1952); *Wechner v. Dorchester*, 83 Wash. 118, 145 P. 197 (1915). The Company had equal access to the public record before committing itself on this loan.

The Bank had no duty to disclose its alleged intent to obtain a first mortgage on this property. It was not serving in a fiduciary capacity, nor, as found by the trial court, acting pursuant to an agreement with the Company. An estoppel will not lie, based on silence, in the absence of a duty to disclose that which is claimed as the bases for the estoppel. *Codd v. Westchester Fire Ins. Co.*, 14 Wn.2d 600, 128 P.2d 968, 151 A.L.R. 316 (1942); *Consolidated Freight Lines, Inc. v. Groenen*, 10 Wn.2d 672, 117 P.2d 966, 137 A.L.R. 1072 (1941). We find substantial evidence to support the trial court's findings which are challenged on these issues.

■ Next, the Company contends it had an equitable mortgage, and since the Bank was not a bona fide purchaser, their equitable mortgage is entitled to preference over the Bank. We disagree. "An equitable mortgage may be constituted by any writing from which the intention to create such a lien may be gathered." 59 C.J.S. *Mortgages* § 14A (1949). Our court has further stated:

[E]very express executory agreement in writing whereby the contracting party sufficiently indicates an intention to make some particular property a security for an obligation, creates an equitable lien upon the property so indicated, enforcible, not only as between the parties, but also as to incumbrances with notice. Nor is it necessary that the contract be in express terms a security. It is enough if it clearly appears from the contract as a whole that security was intended, for equity will imply a security without express recital if from the nature of the contract it clearly appears that such was the intention of the parties.

*Speirs v. Jahnsen*, 143 Wash. 297, 300-01, 255 P. 117 (1927).

· The essence of an equitable mortgage is the intent ·of the parties to create a lien on the property described to secure the principal obligation. If the intent is present, equity will establish the lien, not only between the parties, but against purchasers or encumbrancers with notice . . . The intent may be derived from the expressed language of the agreement, or by necessary implication . . . But the intent must appear unequivocally.

*Redemptorist Fathers v. Purdy*, 174 Wash. 358, 361, 24 P.2d 1089 (1933).

There is no writing evidencing the parties' intent, other than the rancher's application to the Company, which evidently was discussed with the Bank. That application cannot constitute a writing which describes this realty for the purpose of securing an equitable lien. Hence, there was no equitable lien. Furthermore, the evidence does not indicate an intent to create an equitable mortgage other than the fact that the Company ultimately obtained such an instrument from the rancher, filing it of record January 30, 1970. This does not indicate an intent to obtain such security in May 1969. It comes after the Company learned the value of mink, secured by the security agreement, was lower than it anticipated.

 Lastly, the Company claims, in this regard, that the Bank is not entitled to the status of a bona fide purchaser, or encumbrancer, in that the Bank acquired its mortgage priority in exchange for its security interest without providing new consideration, thereby subjecting the Bank's priority to that of prior equitable interests. *Speirs v. Jahnsen, supra* at 301. While this correctly states the rule of law, it is not applicable because the Company did not possess either a prior lien right or an equitable interest to which the Bank's priority could be subjected. *Seward v. Seward*, 145 Wash. 61, 65, 258 P. 856 (1927); *Malm v. Griffith*, 109 Wash. 30, 186 P. 647 (1919); *Geo. M. Mc-Donald & Co. v. Johns*, 62 Wash. 521, 524, 114 P. 175 (1911).

The Company, failing to prove an interest prior to that of the Bank, cannot prevail.

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied February 24, 1975.

Review denied by Supreme Court June 24, 1975.