[No. 8095-4-I. Division One. April 6, 1981.]

HARRISON H. DEMERS, ET AL, *Respondents,* v. STELLA P. OXFORD, ET AL, *Appellants.*

*Warren & Kellogg* and *Lawrence J. Warren,* for appellants.

*A. Robert Thomson,* for respondents.

WILLIAMS, J.—Harrison H. deMers and his wife brought this action against Stella P. Oxford for the purpose of quieting title to certain real property located in King County. Harrison deMers' motion for summary judgment quieting title in him was granted. Oxford appeals and we affirm.

Stella P. Hoob (Oxford) and Alvin R. Hoob were divorced in the Pierce County Superior Court on November 17, 1969, Alvin Hoob receiving the parties' interest in a parcel of King County real estate, Oxford receiving a judgment for $5,725 for back child support. On December 30 a quitclaim deed dated November 26, 1969 to the property from Alvin Hoob to his attorney, deMers, was recorded.

Following a levy by the King County Sheriff on December 10, 1969, the property was sold to Oxford on January 30, 1970 at a sheriff's sale to partially satisfy the child support award in the Pierce County divorce decree.

The principal question to be determined is whether the divorce decree in Pierce County established a judgment lien against the King County property, making the deed to deMers subordinate. A judgment lien on real estate is created by RCW 4.56.200 and commences upon real property in the county where the judgment is entered "from the time of the entry thereof". The lien does not commence with regard to real property in any other county until:

> the time of the filing of a duly certified abstract of such judgment with the county clerk of the county in which the real estate of the judgment debtor to be affected is situated, . . .

RCW 4.56.200(2).

Thus, by the terms of the statute governing the commencement of a judgment lien, the real property in King County was not affected by the judgment entered in the divorce case in Pierce County because a certified abstract was not filed there.

▉▉ Citing *Kshensky v. Pioneer Nat'l Title Ins. Co.,* 22 Wn. App. 817, 592 P.2d 667 (1979), Oxford argues that recording the certified abstract of the judgment in King County was unnecessary because all parties, including deMers, had actual notice of it. The entry of the judgment in Pierce County was known, it is true, but there could be no notice of a lien against the King County real property because none existed. Statutes creating liens are in derogation of the common law and are to receive a strict construction. Their operation will not be extended for the benefit of those who do not clearly come within the terms of the act. *De Gooyer v. Northwest Trust & State Bank,* 130 Wash. 652, 228 P. 835 (1924); *accord, Dean v. McFarland,* 81 Wn.2d 215, 500 P.2d 1244 (1972). Notice of the judgment in Pierce County did not create a lien upon the real property in King County.

■ Oxford argues that she acquired a priority position in the real property because of the execution levy filed prior to the recording of deMers' deed. The rule is that one

who purchases at his own execution sale is not a bona fide purchaser within the protection of the recording statute and merely takes that interest which the debtor had at the time of the sale. *Desimone v. Spence,* 51 Wn.2d 412, 318 P.2d 959 (1957); *Malm v. Griffith,* 109 Wash. 30, 186 P. 647 (1919); *Pacific Nat'l Bank v. Richmond,* 12 Wn. App. 592, 530 P.2d 718 (1975).

*Northern Commercial Co. v. E.J. Hermann Co.,* 22 Wn. App. 963, 971, 593 P.2d 1332 (1979). According to the proof, the deed was delivered to deMers before the levy, was prior in time and therefore prior in right.

Oxford further argues that the deed was in fact given as security for the attorney's fees Alvin owed to deMers and, hence, did not serve to convey the property. She relies upon the law that:

[When a deed absolute on its face is] intended by the parties to be security for an obligation the grantor owes the grantee, [the court will treat the deed] as a mortgage in equity. [The court will look] to the intent of the parties and if that intent was to treat the transaction as a mortgage, . . . the document passes no title . . .

*Rustad Heating & Plumbing Co. v. Waldt,* 91 Wn.2d 372, 376, 588 P.2d 1153 (1979). The evidence is that Alvin gave the deed, absolute on its face, to deMers to pay for legal services performed in a criminal case and that the value of the property interest conveyed was approximately the same as the fees charged. The finding that the instrument was a deed rather than a mortgage is supported.

The judgment is affirmed.

JAMES, C.J., and SWANSON, J., concur.

Reconsideration denied May 12, 1981.

Review denied by Supreme Court July 17, 1981.