## THE GOLD DIGGER.

### JAMES TREGARTHEN & SONS CO. v. FORSYTHE BROS.

#### No. 10937.

District Court, E. D. New York.

Aug. 6, 1930.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for libelant.

George W. Tucker, of New York City (Chauncey E. Treadwell, of New York City, of counsel), for claimant.

CAMPBELL, District Judge.

The libelants, at the request of Chester Reid, the "agreed purchaser in possession of the vessel," made repairs to the coal hoister Gold Digger, against which they claim a lien.

No part of the sum charged for the making of such repairs has been paid.

Subsequent to the making of such repairs, the president of the libelant first learned of the existence of the conditional bill of sale of the vessel, which was not filed or recorded in the office of the collector of customs, at the Custom House, New York City, but in the office of the county clerk of either Queens or Nassau county.

Notwithstanding the statement in the brief on behalf of claimant as to what might have been found by an examination of the records in the Custom House, there is no evidence in this case of any record there which would have put the libelant on notice, and it is on evidence that the case must be decided.

The filing of the conditional bill of sale in the county clerk's office, in accordance with the New York state statute, did not constitute constructive notice so as to defeat a lien in favor of a repair man.

In The Oceana (D. C.) 233 F. 139, at page 146, Judge Veeder said:

"There was, of course, no constructive notice by virtue of the filing of the contract of conditional sale in conformity with the state statute. The act of June 23, 1910,

expressly supersedes state statutes conferring liens on vessels, and under Rev. St. § 4192 (Comp. St. 1913, § 7778 [46 USCA § 921 note]), there is no constructive notice to anybody unless the bill of sale or conveyance is recorded in the office of the collector of the customs where such vessel is registered or enrolled."

Subsection P of section 30 of the Act of 1920 (title 46, § 971, U. S. Code [46 USCA § 971]) provides that any person furnishing repairs, etc., shall be entitled to enforce the lien therefor by suit in rem, "and it shall not be necessary to allege or prove that credit was given to the vessel."

Subsection R of section 30 of the said Act of 1920 (title 46, § 973, U. S. Code [46 USCA § 973]) reads as follows:

"The officers and agents of a vessel specified in subsection Q, section 972, shall be taken to include such officers and agents when appointed by a charterer, by an owner pro hac vice, or by an agreed purchaser in possession of the vessel. * * *"

Reid was in possession of the vessel, and informed the libelant that he was the owner, and there is nothing in the evidence to show that an examination of the records in the office of the collector of customs would have shown that he was not the owner, therefore the libelant could not, by the exercise of reasonable diligence, have ascertained the conditions of the conditional bill of sale.

The conditional bill of sale contained the following provision:

"It is agreed that the Vendee will place this vessel in drydock and make, at his expense, such repairs as are necessary to place this vessel in operating condition, and will also insure vessel for the amount of five thousand dollars ($5,000.00) in favor of the Vendor, with the understanding that Vendee's equity in this insurance shall be in proportion to his payments."

This is not the case of a charter where the libelants were bound to ascertain the terms of the charter, but the case of an owner in possession, who informed libelant that he was the owner, the limitations on whose power could not have been discovered by an examination of the records in the office of the collector of customs, the only office where libelants, in the exercise of reasonable diligence, were required to make examination, and it does not seem to me that the statute prevented libelants from acquiring a lien on the vessel.

The claimants were informed that the vessel was sent to libelants' yard for repairs, and knew the same were being made, and having failed to file the conditional bill of sale in the office of the collector of customs, so as to give libelants notice, they should not in equity and good conscience be allowed to remain silent and receive the whole benefit of the repairs made by innocent parties, the libelants, on the order of the owner in possession without knowledge or notice of the conditional bill of sale, and relying on the credit of the vessel.

A court of admiralty is not in a technical sense a court of equity, but it may apply equitable principles to subjects within its jurisdiction. Fiannacca v. Booth & Co. (D. C.) 39 F.(2d) 639, 642.

A decree may be entered in favor of the libelant, with costs and the usual order of reference.