**TIVOLI RADIO & MARINE CO., Inc.,**
**Libelant,**

v.

**VESSEL the RAL, Respondent.**

**No. 62–A–1122.**

United States District Court
E. D. New York.

March 7, 1963.

Orville H. Mann, Nyack, N. Y., proctor for Marine Midland Trust Company of Rockland County.

Daniel & Bernard Jacobson, New York City, proctors for libelant Tivoli Radio & Marine Co., Inc.

Weisbrod & Epstein, New York City, proctor for Richard Schwartzman.

BRUCHHAUSEN, District Judge.

The Marine Midland Trust Company of Rockland County, hereinafter referred to as the Bank, moves to excuse its default and permit it to plead to the libel; to vacate and rescind the default decree and any execution and attachment on the vessel "Ral", and to vacate and rescind the unconfirmed sale thereof and the bill of sale thereafter made by the Marshal to Fred Valentine, the bidder upon the sale.

On May 5, 1962, Ral Industries Inc., entered into a retail installment contract with Greenwood Chris Craft Sales Corp., for the purchase of the said vessel. This instrument was immediately assigned to the Bank. The contract was duly filed in the office of the Clerk of Nassau County on May 28, 1962. The Bank claims the right of possession of and other interests in the vessel by reason of the failure of the purchaser to make payments, pursuant to the terms of the contract. Between April 28 and July 3, 1962, the libelant performed certain work, labor, services and supplied parts to the vessel. On October 16, 1962 the libelant filed its libel in rem returnable November 7, 1962 and duly published for claims in conformity with admiralty practice.

On November 1, 1962, Glen Cove Marine Inc., another libelant filed its libel in rem returnable November 14, 1962 and duly published for claims in conformity with admiralty practice. No notice was served upon the Bank in either case that the vessel had been arrested nor was such service required.

Subsequently on December 17, 1962 the vessel was sold at public auction by the U. S. Marshal and a bill of sale issued to Fred Valentine. The Court did not confirm the sale. The Bank alleges that it first became aware of these proceedings when it commenced its replevin action in Rockland County Supreme Court.

The issue presented is whether the Bank, a non maritime lienor, by the filing of its retail installment contract pursuant to State law has a lien prior to a maritime lien, filed subsequently.

This issue was settled in The Gold Digger, 2 Cir., 44 F.2d 660, affirmed 2 Cir., 49 F.2d 1078, certiorari denied 284 U.S. 660, 52 S.Ct. 36, 76 L.Ed. 559. Judge Campbell held in part at page 660, 52 S.Ct. at page 36:

"The filing of the conditional bill of sale in the county clerk's office, in accordance with the New York state statute, did not constitute constructive notice so as to defeat a lien in favor of a repair man."

See also The Oceana, 2 Cir., 233 F. 139, 146 and The Olympia, 2 Cir., 58 F.2d 638, 643.

The movant in an attempt to sustain its position relies heavily on United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361. That case is not in conflict with the general rule and is clearly distinguishable. The Court there held that the party was duty bound to ascer-

tain the terms of a charter which is not the case at bar.

The second contention urged by the movant is, that the Court never confirmed the sale. In this District confirmation of sale is not required. See Admiralty Rule 26. The authority relied upon by the movant for this proposition is distinguishable since it refers to another district requiring confirmation of a judicial sale.

In its reply brief the movant states that this Court lacks jurisdiction of the vessel and the Bank because the requirement of notice was absent, citing Second Circuit authority. This requirement relates to public notice and such notice was given by publication, as hereinabove mentioned.

The Bank's contentions are without merit.

Motion denied. Settle order on five (5) days' notice.