STATE
*vs.*
JUDGE WATTS.

## STATE *vs.* JUDGE WATTS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The judicary act of 1789, while it gives to the federal courts, exclusive original cognizance, of all civil causes of admiralty and maritime jurisdiction, reserves to parties, in all cases, the right of a common law remedy, when the common law is competent to give it.

The states are prohibited from establishing courts, having cognizance of cases of admiralty and maritime jurisdiction, according to the course of proceedings in courts of admiralty, but if parties choose to sue upon their contracts, according to the rules of practice established by law, in courts of general jurisdiction, instead of proceeding summarily, by motion or *in rem*, in the admiralty courts, there is nothing in the constitution which prohibits them.

The adjustment of accounts, among part owners of ships, relating to profits, is a matter of chancery, and not admiralty jurisdiction, in England.

According to the laws of Louisiana, the adjustment of profits and settlement of accounts, among joint owners of ships, is a necessary incident to the action of partition.

Admiralty courts, in the United States, may, in some cases, have ordered a sale of vessels, at the suit of part owners, but it does not follow, as a necessary consequence, that the state courts are without jurisdiction in the same matters.

So the part owner of a vessel, within the jurisdiction of the state courts of general jurisdiction, may institute suit therein, to compel a partition of his interests, and recover a balance for advances made, by a judicial sale or licitation of the vessel, even when such co-proprietor resides out of the state.

This case commenced by an application for a mandamus, to compel the judge of the First Judicial District, to entertain jurisdiction of a certain suit, instituted in his court.

The record shows, that Levi H. Gale, filed his petition in the District Court, alleging that he was one-fourth owner of the ship Atlantic, then lying in the port of New-Orleans, and

that Isaac Purrington, residing in the state of Maine, was EASTERN DIST. owner of the remaining three-fourths; that Purrington was *December*, 1834. indebted to him in the sum of four thousand three hundred and twenty-seven dollars, for advances made, on account of STATE *vs.* JUDGE WATTS. said vessel. He prays for a partition of his interest, by a sale or licitation of the ship, after an inventory, and appraisement is made; that a *curator ad hoc* be appointed to defend Purrington, and that he have judgment against him for his aforesaid claim.

The district judge endorsed on the petition, that he considered this case as belonging, exclusively to the courts of admiralty, and declined its jurisdiction.

A rule was taken on the judge, to show cause why a mandamus should not issue. The judge returned for answer, that he viewed the subject matter in litigation, as exclusively of admiralty and maritime jurisdiction, and that under the constitution and laws of the United States, original cognizance of all civil causes of admiralty and maritime jurisdiction, appertained exclusively to the courts of the United States. In support of this opinion, he cited the constitution of the United States, and laws, and referred to *Conklin's Practice in United States Courts, page* 141 *to* 150, *and note to page* 148. *Bee's Admiralty Reports,* 2.

*Slidell*, in support of the rule, contended, that the action of partition lies between all parties who may hold property in common, from whatever cause it is so held. *La. Code, art.* 1231.

2. Under the general admiralty law, one-part owner, cannot compel the other part owners of a vessel, to sell their shares. *Abbott on Shipping, page* 90–91.

3. If the courts of the United States, in the exercise of their admiralty jurisdiction, have the power to compel the sale of a vessel, on the application of a part owner, this jurisdiction, in such matters, is not exclusive; it may be exercised by the state courts, if permitted or authorised by the local law. 1 *Kent's Commentaries, page* 351–2.

56

*Bullard, J.,* delivered the opinion of the court.

A rule having been taken on the judge of the First Judicial District, to show cause why a *mandamus* should not issue, commanding him to make certain preliminary orders, in the case of Gale *vs.* Purrington, he shows for cause, that he considers the subject matter to be adjudicated upon, as exclusively of admiralty and maritime jurisdiction, and that under the constitution and laws of the United States, the exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, appertains to the courts of the U. States.

In order to ascertain the precise question, of which the district judge declined to entertain jurisdiction, we must recur to the petition presented to him in the first instance. Here we are then to inquire, whether the cause of action, as set forth, be one of admiralty and maritime jurisdiction, and if so, whether it be of that class of cases, of which exclusive cognizance has been granted to the federal judiciary, by the constitution and laws of the United States.

The plaintiff, L. H. Gale, sets forth in his petition, that he is proprietor in common with Isaac Purrington, of the state of Maine, of a ship or vessel called the *Atlantic,* of which Purrington owns three-fourths, and the plaintiff the other fourth. That the ship is now within the jurisdiction of the court. That the petitioner is unwilling to remain longer in a state of indivision with his co-proprietor, and that no other means exist of effecting a partition of their interests, than by a judicial sale or licitation. He further represents, that Purrington is largely indebted to him, for advances and disbursements made on account of the ship for which suit is now pending ; and he finally prays for the appointment of a curator *ad hoc,* to represent the absent defendant, that an inventory and appraisement may be made in due form of law, and that the vessel may be sold, after due notice, and that he may be paid for his advances, out of the share of his co-proprietor.

The action, therefore, is one of partition, and the object to be partaken, is a registered vessel, belonging in different proportions to part owners, citizens of different states, and the

question is, not whether the owner of a minor share, can, at any time, compel a severance of their joint interests, but whether the state courts are forbidden to take cognizance of such a question, by the constitution of the United States.

The constitution declares, that the judicial power of the union, shall extend to certain classes of cases, not now necessary to enumerate, and among others, " to all cases of admiralty and maritime jurisdiction." It is now generally conceded, that this grant of power, does not necessarily and in all cases, confer exclusive jurisdiction on the courts of the United States, but that the state courts retain, in many of the enumerated cases, concurrent jurisdiction in the first instance. The first judiciary act, organising the federal courts, provides for the manner in which the decisions of state courts may be reversed by writ of error to the Supreme Court of the United States, and for the removal of causes for trial, in the first instance, in certain cases, on the defendants complying with certain formalities. Whether the constitution has vested the federal tribunals, with exclusive cognizance, of all cases of admiralty and maritime jurisdiction, is a question upon which distinguished commentators entertain different views. Judge Story, in his commentaries on the constitution, divides the cases of admiralty and maritime jurisdiction, into two great classes; "one dependant upon locality, and the other upon the nature of the contract. The first, respects acts or injuries done upon the high seas, where all nations claim a common right and common jurisdiction, or acts or injuries done upon the coast of the sea, or at farthest, acts and injuries done within the ebb and flow of the tide. The second, respects contracts, claims and services, purely maritime, and touching rights and duties appertaining to commerce and navigation. The former is again divisible into two great branches, one embracing captures and questions of prize arising, *jure bele*, the other embracing acts, torts and injuries, strictly of civil cognizance, independent of belligerant operations." 3 *Story's Com.* 527 *and seq.*

Another class respects contracts, claims and services purely maritime; such as the . claims of, material, men, and others.

EASTERN DIST.
December, 1834.

STATE
vs.
JUDGE WATTS.

for repairs and outfits of ships, belonging to foreign nations, or to other states ; bottomry bonds, for moneys lent to ships in foreign ports ; surveys of vessels damaged by perils of the seas ; pilotage on the high seas, and suits for mariners' wages, He adds, that, " in many of the cases included in these latter classes, the same reasons do not exist, as in cases of prize for an exclusive jurisdiction, and therefore, whenever the common law is competent to give a remedy in the state courts, they may retain their accustomed concurrent jurisdiction in the administration of it." *Ibid. 533.*

The judiciary act of 1789, while it gives to the federal courts, exclusive original cognizance, of all civil causes of admiralty and maritime jurisdiction, reserves to parties, in all cases, the right of a common law remedy, when the common law is competent to give it.

On the other hand, it would appear to be the opinion of Chancellor Kent, and of Mr. Rawle, that the jurisdiction of the federal courts, in cases of that kind, is necessarily exclusive. 1 *Kent's Com.* 351. *Rawle on the Constitution,* 202.

These opinions are, however, strongly combatted by the able and distinguished commentator first named, who remarks, that, " the reasonable construction of the constitution, would seem to be, that it conferred on the national judiciary, the admiralty and maritime jurisdiction, exactly according to the nature and extent, and modifications, in which it existed in the jurisprudence of the common law. Where the jurisdiction was exclusive, it remained so ; where it was concurrent, it remained so. Hence, the states could have no right to create courts of admiralty as such, or to confer on their own courts the cognizance of such cases, as were exclusively cognizable in admiralty courts. But the states might well retain, and exercise the jurisdiction, in cases of which the cognizance was previously concurrent, in the courts of common law." 3 *Story's Com.* 533, *in notes.*

The states are prohibited from establishing courts, having cognizance of cases of admiralty and maritime jurisdiction, according to the course of proceedings in courts of admiralty, but if parties choose to sue upon their contracts, according to the rules of practice established by law, in courts of general jurisdiction, instead of proceeding summarily, by monition or *in rem,* in the admiralty courts, there is nothing in the constitution which prohibits them.

Such, we believe, to have been the construction put upon the constitution, by the first congress, who enacted the judiciary act of 1789, which, while it gave to the federal courts, exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, reserves to parties, in all cases, the right of a common law remedy, where the common law is competent to give it. The states are prohibited from establishing courts, having cognizance of cases of admiralty and maritime jurisdiction, according to the course of pro-

Eastern Dist.
December, 1834.

STATE
vs.
JUDGE WATTS.

The adjustment of accounts, among part owners of ships, relating to profits, is a matter of chancery, and not admiralty jurisdiction, in England.

According to the laws of Louisiana, the adjustment of profits and settlement of accounts, among joint owners of ships, is a necessary incident to the action of partition.

Admiralty courts, in the United States, may, in some cases, have ordered a sale of vessels, at the suit of part owners, but it does not follow, as a necessary consequence, that the state courts are without jurisdiction in the same matters.

So the part owner of a vessel, within the jurisdiction of the state courts of general jurisdiction, may institute suit therein, to compel a partition of his interests, and recover a balance for advances made, by a judicial sale or licitation of the vessel, even when such co-proprietor resides out of the state.

ceedings in courts of admiralty; but if parties choose to sue upon their contracts, according to the rules of practice established by law, in courts of general jurisdiction, instead of proceeding summarily, by monition or *in rem*, in the court of admiralty, we see nothing in the constitution which prohibits it; always reserving to the defendant, if he be a citizen of a different state, the right of having the cause removed to a court of the United States. Whether the case now under consideration, would be regarded in England, where the distinction between courts of admiralty, and courts of common law and equity, is clearly defined, as one of admiralty jurisdiction, is extremely questionable. Indeed it is said by Abbott, in his Treaties on Shipping, that the court of admiralty, cannot, in any case, compel any of the part owners, to sell their interest, but may protect the interest of the minority of part owners, by ordering security to be given; or taking a stipulation, as it is termed. Even that authority was long questioned, but it seems now to be settled. In a case, which is said to have terminated the controversy in England, the chief justice declared, "I have no doubt, but the admiralty has a power in this case, to compel a security, and this jurisdiction has been allowed to that court, for the public good. Indeed, the admiralty has no jurisdiction to compel a sale; and if they should do that, you might have a prohibition after sentence, or we may grant a prohibition against selling, or compelling the party to sell or to buy the shares of others." *Abbott on Shipping*, 74.

The adjustment of accounts among part owners of ships, relating to profits, is a matter of chancery and not of admiralty jurisdiction in England. Such adjustment or settlement of accounts, is according to our law, a necessary incident to the action of partition. The admiralty courts in the United States, may, in some cases, have ordered a sale of vessels, at the suit of part owners, as was done by the judge of the district of South Carolina, in the case to which our attention has been called, in 2 Bee's Reports, but it does not appear to us to follow as a necessary consequence, that the state courts are without jurisdiction of a case like the present. We are

EASTERN DIST.
*December*, 1834.

BRIDGE ET AL.
*vs.*
MERLE ET ALS. therefore, unable to concur in opinion, with our brother of the District Court, that the subject matter of this suit, is exclusively of admiralty jurisdiction.

Let the rule be made absolute.