## HORN vs. THE SCHOONER "TRIAL."

22    529
116   485

*Admiralty jurisdiction of state courts.*

Under the act of Congress of February 26, 1845, the jurisdiction of the district courts of the United States in admiralty and maritime cases arising upon the lakes and the navigable waters connecting them, is not exclusive, but concurrent with that of the state courts in administering the remedies given by the state laws; and it extends only to the class of vessels defined in that act.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to enforce a claim against the defendant. The substance of the pleadings, and the nature of the evidence objected to, will appear from the opinion. Verdict for the plaintiff; new trial denied; and judgment on the verdict; from which the defendant appealed.

*Leander Wyman*, for appellant.

*George Reed* and *Stevens, Lewis & Flower*, for respondent.

COLE, J.   The action was to enforce a lien under the boat and vessel act, for supplies and materials furnished, and labor rendered to the defendant, a sail vessel employed in navigating the waters of Lake Michigan in this state. The defendant put in an answer of the general denial, and setting up a counter-claim.   The plaintiff replied to the counter-claim, that, before the commencement of the suit, each and every one of the items set up in the counter-claim had been fully settled and paid, and that the claims in the complaint were such as had not been settled in the accounting between him and the defendant.   It appears to us that there was no error in permitting him to prove the facts alleged in his reply.   It is not obvious upon what principle of law or rule of practice he was prohibited from showing that the charges mentioned in the counter-claim had been settled and paid.   He claimed a lien for demands against the boat outside the charges, accounts and payments embraced in the settlement.   And, as it was attempted to defeat this lien by setting up an indebtedness from him to the defendant, he was compelled to meet the defense by proving that this indebtedness had been discharged by other claims and payments.   And we think it was competent to do this, under the pleadings.

It is claimed that there was error in the charge of the court. In our opinion, however, it was substantially correct.

But the most important objection raised is, a want of jurisdiction in the court to try the cause. It is claimed that the statute under which the action is prosecuted is in conflict with the laws of Congress conferring admiralty jurisdiction on the district courts of the United States. And the case of *The Hine v. Trevor*, 4 Wallace, 555, is relied on in support of that position. But this case very clearly holds that the act of February 26, 1845, is a limitation of the admiralty and maritime jurisdiction granted the district courts of the United States by the judiciary act of 1789, as regards cases arising upon the lakes and navigable waters connecting said lakes, in the following particulars:

"1. It is limited to vessels of twenty tons burden and upwards, enrolled and licensed for the coasting trade.

"2. To vessels employed in commerce and navigation between ports and places in different states.

"3. It grants a jury trial, if either party demands it.

"4. The jurisdiction is not exclusive, but is expressly made concurrent with such remedies as may be given by state laws."

Now there is nothing whatever in this case to show that the vessel was of twenty tons burden and upwards, so as to bring it within the admiralty jurisdiction of the federal courts. It is made essential to the jurisdiction, under the act of 1845, that the vessel should be enrolled and licensed for the coasting trade, and should be of twenty tons burden or upwards. And again, by the exposition of the laws of Congress, as given in the case of *The Hine v. Trevor*, the jurisdiction of the federal courts under that act is not exclusive, but concurrent with any remedy which may be given by the state laws where such vessel is employed. This fully disposes of the question of jurisdiction.

*By the Court.*—The judgment of the circuit court is affirmed.