## DAVID M. SWAIN *vs.* BENJAMIN KNAPP.

### November 25, 1884.

Part-owners of Steamboat — Suit for Accounting, Sale, etc.— Admiralty Jurisdiction.—S. owns one-third of a steamboat plying upon the navigable waters of the United States, and K. the other two-thirds. K. had for several years run the same for himself and S. There being a difference between them as to the state of the accounts of her earnings and expenses, and S. being dissatisfied with K.'s management of the boat and its business, and apprehensive of loss from its continuance, S. may maintain an equitable action in a district court of this state for a partition of the boat by sale, and for an accounting, and, upon a proper showing,

the court may properly direct an accounting, a sale, and the appointment of a receiver to effect it. The case is not within the admiralty and maritime jurisdiction of the district courts of the United States.

This action was brought in the district court for Washington county, for an accounting of the earnings of the steamboat Jennie Hayes, and for a sale of the boat and division of the proceeds. It was admitted by the pleadings that the plaintiff is the owner of an undivided one-third, and the defendant is the owner of the other two-thirds. Upon motion of the plaintiff, upon the pleadings and an affidavit showing that the steamboat was in need of extensive repairs, and was not doing a remunerative business, and could not be operated profitably; that there was great risk of the destruction of the boat by sinking or burning, and that the defendant refuses to account for the earnings and disbursements thereof, and the plaintiff has good ground for fear that the defendant is misappropriating the earnings of the boat, the court, *McCluer, J.,* presiding, ordered judgment appointing a receiver of the boat, directing a sale thereof and the payment of the proceeds into court, and appointing a referee to state and report to the court the account between the parties to this action. From this judgment defendant appeals.

*Thompson & Manwaring, Geo. F. Sabin,* and *Dike & Burdick,* for appellant.

*Fayette Marsh,* for respondent.

Berry, J. From the pleadings in this case it appears that the plaintiff owns one-third and defendant two-thirds of the Jennie Hayes, a steamboat registered at the port of St. Paul, and plying upon the St. Croix and Mississippi rivers; that defendant has for some years been running the boat for himself and plaintiff; that there is a difference between them as to the state of the accounts of her earnings and expenses; that plaintiff is dissatisfied with defendant's management of the boat and its business, and apprehensive of loss from its continuance; that he desires an accounting between them in respect to the earnings and expenses of the boat, a partition of interests through a sale, (no other partition being practicable,) and that whatever balance be found due him upon the accounting be paid out of defendant's share of the proceeds of sale. Upon plaintiff's motion,

judgment upon the pleadings was rendered for an accounting, for a sale of the boat for the purpose of partition, and appointing the sheriff a receiver to take possession of her and her belongings, sell the same, and pay the proceeds into court to await further orders.

This action was brought in the district court for the county of Washington. The defendant (appealing) contends that the court had no jurisdiction to render the judgment, because the action is a "civil cause of admiralty and maritime jurisdiction," and therefore within the exclusive cognizance of the district court of the United States, under the eighth subdivision of U. S. Rev. St. § 563, which (except in cases not here important) imposes upon the federal district courts exclusive jurisdiction "of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it."

The defendant is unquestionably right in his position that this saving is of a common-law remedy, and not merely of a remedy in a common-law court, (*The Moses Taylor*, 4 Wall. 411; Spear, Fed. Jud. 81,) and that the remedies sought in this action are not common-law remedies. The directing of an accounting between persons occupying the relations of plaintiff and defendant, the appointment of a receiver, and the partition of personal property by sale or otherwise, are not common-law but equitable remedies. *Judd* v. *Dike*, 30 Minn. 380; Freeman on Cotenancy, § 426; Pom. Rem. § 221; 3 Pom. Eq. Jur. § 1379. They are, therefore, properly sought in the present action, (*Judd* v. *Dike, supra,*) and properly given by the judgment appealed from, unless, relating as they do to a vessel plying upon the navigable waters of the United States, they are such as are afforded in "civil causes of admiralty and maritime jurisdiction," or—what must be an equivalent expression—in "*civil causes,*" in the words of the federal judiciary act, (U. S. Rev. St. § 563,) or "civil *cases,*" in the synonymous expression of the federal constitution, (article 3, § 2,) in courts of admiralty. If the remedies sought in this action are not afforded in admiralty, then the subject-matter of the action is not within admiralty jurisdiction. Spear, Fed. Jud. 96.

The following propositions appear to be well settled: *First.* A court of admiralty will not direct the sale of a vessel for the purpose of ef-

fecting a partition between different owners, except (1) as between two persons, each of whom owns one-half of the vessel, in which case, since the rule giving control to a majority interest cannot operate, the court will interfere out of regard for the public interest in commerce and navigation; or except (2) (as some authorities hold) upon the application of a majority interest in the vessel, under special circumstances. *Steamboat Orleans* v. *Phœbus,* 11 Pet. 175; *Tunno* v. *The Betsina,* 5 Am. Law Reg. 406. *Second.* A court of admiralty will not order an accounting as a separate and independent mode of relief, but only as incident to other matters of which it has admitted cognizance. Curt. Jur. U. S. Courts, 273; *Tunno* v. *The Betsina, supra; Kellum* v. *Emerson,* 2 Curt. C. C. 79; *Steamboat Orleans* v. *Phœbus, supra; Davis* v. *Child,* Davies, (2 Ware,) 71; *The Larch,* 3 Ware, 28. *Third.* It hardly need be added that the appointment of the receiver in this case is a mere incident of the sale, and hence, of course, something of which a court of admiralty would have no jurisdiction, in the absence of jurisdiction to order the sale itself. From these three propositions it follows that the subject-matter of the present action— the remedies sought and afforded in it—do not fall within the purview or scope of civil causes or cases in admiralty and maritime jurisdiction, and hence that defendant's objection to the judgment is not well taken.

Judgment affirmed.