REYNOLDS, Appellant, vs. NIELSON, Respondent.

*January 13—February 3, 1903.*

*Shipping: Vessels: Partition: Federal courts: Jurisdiction: Admiralty: Equity.*

1. Sec. 563, R. S. of U. S., provides that the federal district courts shall have exclusive jurisdiction of all civil causes of admiralty and maritime jurisdiction "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it." *Held*, that the jurisdiction of federal courts

over the rights of part owners in vessels on the great lakes is not exclusive, and that a suit to partition such a vessel between tenants in common is maintainable in the courts of Wisconsin.

2. The fact that the admiralty courts have no admiralty or maritime jurisdiction to compel partition of a vessel, where there is a majority owner, does not affect the jurisdiction of state courts to afford such relief.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action for partition of a vessel licensed and registered under the navigation laws of the United States, and used upon the waters of Lake Michigan. Plaintiff and defendant owned the vessel in unequal shares, the former being the owner of one-third and the latter of two-thirds. Defendant pleaded, among other things, want of jurisdiction of the subject of the action in that the rights of the parties were cognizable only in the federal court under its admiralty and maritime jurisdiction. The findings of fact were to the effect that the vessel was owned as and was of the character claimed in the pleading; that it was at Manitowoc, Wisconsin, at the time of the commencement of the action; that defendant, as majority owner, insisted upon controlling it without consulting plaintiff; that he had refused to unite with plaintiff in terminating the common ownership by a purchase or sale; that he had never denied to plaintiff an inspection of the accounts showing the income and expenses of operating the vessel or neglected to pay him his proper share of the net earnings; that the property at the time of the commencement of the action was free from all liens, and that, so far as this case is governed by secs. 2327*a*, 2327*c*, and 4257, Stats. 1898, plaintiff complied therewith before it was commenced.

On such findings the court decided as matter of law that it was without jurisdiction because the rights of the parties were governed by the maritime laws of the United States. Judgment was rendered accordingly.

The cause was submitted for the appellant on the brief of *J. E. Wildish,* and for the respondent on that of *M. C. Krause.*

MARSHALL, J. The judgment is wrong and must be reversed. A vessel is personal property and the rights of the owners therein are proper subjects for consideration in the state courts in cases where the jurisdiction of the federal court in the exercise of its admiralty and maritime powers is not exclusive. When a subject is within admiralty and maritime jurisdiction, such jurisdiction is not necessarily exclusive, as is plainly indicated by the federal law. Sec. 563, R. S. of U. S. It provides that district courts have exclusive jurisdiction of all civil causes of admiralty and maritime jurisdiction, *saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it.* From that it will be seen that, to justify the decision here, the case must be a civil cause of admiralty and maritime jurisdiction, and it must be one for which there is no remedy in the state courts. The fact is that it is neither. This court has several times held that, in cases within maritime and admiralty jurisdiction, the state court has jurisdiction concurrent with that of the federal courts in administering the remedies afforded by its laws. *Horn v. Schooner Trial,* 22 Wis. 529; *Thorsen v. Schooner J. B. Martin,* 26 Wis. 488; *Warehouse & Builders' Supply Co. v. Galvin,* 96 Wis. 523, 71 N. W. 804.

There is no need here to define the precise limits of the term "civil causes of admiralty and maritime jurisdiction." Suffice it to say that it does not include any where the primary object in view is to obtain a partition of vessel property, nor any where partition between common owners of a vessel can be enforced, there being a majority ownership as in this case. As regards mere control of a vessel by maritime law, the majority interest is supreme, subject to such restraints by the

federal court as may be necessary to protect the minority owner in his rights to have the vessel employed reasonably, to have it preserved, and to enjoy his share of the net earnings. Story, Partn. §§ 437—439; *The Seneca,* 18 Am. Jur. 486, Fed. Cas. No. 12,670; *The Orleans v. Phoebus,* 11 Pet. 183; *Andrews v. Betts,* 8 Hun, 322.

Counsel for respondent seem to suppose, and we apprehend the trial court was guided by the same idea, that since the federal court, in the exercise of admiralty and maritime jurisdiction, cannot under any circumstances properly compel the sale of a vessel and a division of the proceeds where there is a majority owner, the state court cannot, overlooking, it seems, that such circumstance suggests jurisdiction in such cases by the state court instead of want of jurisdiction. If the federal court has jurisdiction of a matter pertaining to a vessel, subject to the navigation laws of the United States, because the same is within the scope of its admiralty and maritime powers, inquiry must be made as to whether such jurisdiction is exclusive before the matter is deemed to be outside the jurisdiction of the state court. If there is no federal jurisdiction, obviously, that fact alone does not militate against there being state jurisdiction. A vessel is personal property. A judicial sale thereof and division of its equivalent in money, where partition cannot otherwise be had, and there is good ground in equity for one of two or more common owners to seek such relief, is a proper subject for the exercise of equity jurisdiction by the rules of the common law. In fact, only a court of equity, by the common law, can deal with such matters. Its jurisdiction in that regard is very ancient and is founded solely on want of any remedy at law. Knapp, Partn. 492; Freeman, Co-Ten. & Partn. § 426; *Conover v. Earl,* 26 Iowa, 167; *Fobes v. Shattuck,* 22 Barb. 568; *Swain v. Knapp,* 32 Minn. 431, 21 N. W. 414. Under the chancery rule mere desire of a part owner of personal property to terminate the common ownership is not sufficient to put judicial machinery

in motion. That has been changed here by statute. Secs. 2327a, 2327b, 2327c, Stats. 1898. Now any person owning personal property in common with another or others may at his election have a partition thereof in specie where that can reasonably be effected, or in the equivalent in the form of money where that is necessary because division in no other way can be accomplished at all or without injury to the interests of the parties. All of the provisions of law relating to complaints in actions for the partition of real estate, so far as applicable, are made to include partition of personal property. Sec. 2327a, Id.

It would seem from what has been said that on principle the circuit court had jurisdiction of the subject of this action. But few similar cases are reported in the books. That may be because seldom has the power of the state court in such matters been questioned. *Andrews v. Betts*, 8 Hun, 322, is directly in point. It was there held that proceedings for the partition of personal property can be had in equity and nowhere else, and that vessels are no exception to that rule. That case is recognized by text-writers as laying down the law correctly. Knapp, Partition, 491. The text there is as follows:

"The court of equity has jurisdiction over an action, brought to secure a partition of personal property between tenants in common thereof. It matters not whether such property is a vessel to be used upon the high sea, or other personal property, so long as there is a co-tenancy and a failure to agree upon the part of the co-tenants, a court of equity has jurisdiction over the partition of the property, or a sale thereof and a division of the proceeds. Such court is competent to give relief in such cases by making the decree in partition, as the circumstances of the case or facts may warrant, or decree a sale, where the partition of such property cannot be had."

We indorse that. It is a mere statement of the common law. It is re-enforced by our statutes above cited. The circuit court, on the facts of this case, should have granted the

prayer of the complaint that the property be sold and the proceeds divided according to the interests of the parties, and should have, by the decree, directed some appropriate method of making such granted relief effective.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded for judgment in accordance with this opinion.