[No. 31807. Department Two. December 27, 1951.]

WILLIAM V. CLINE et al., *Appellants*, v. L. E. PRICE et al., *Respondents*.[1]

*Ray R. Greenwood* and *Frank A. Shiers*, for appellants.
*Frederick B. Cohen* and *John E. Bowen*, for respondents.

HAMLEY, J.—The holders of a three-sevenths interest in the fishing vessel "Mary Adeline," being dissatisfied with the use being made of the vessel, brought this action against the owners of the majority interest. The "Mary Adeline" is an oil screw fishing vessel registered in the United States

[1] Reported in 239 P. (2d) 322.

customs office at Aberdeen, Washington, and plies in and out of the waters of Puget sound and Alaska.

The purpose of the action is to obtain the appointment of a receiver to take possession of the vessel; secure an adjudication of plaintiffs' rights therein; require a sale of the vessel and distribution of the proceeds; and obtain an accounting with a view to aiding the receiver in determining, collecting and distributing the assets of the parties.

The trial court sustained a demurrer to the amended complaint and dismissed the action with prejudice. Plaintiffs appeal. Respondents' motion that the appeal be dismissed, for the reason that no appeal bond or notice of the filing thereof has been served upon respondents, is denied. *Adjustment Dept., Olympia Credit Bureau, Inc. v. Smedegard, post* p. 962, 236 P. (2d) 560.

The demurrer was made and sustained on the ground that the court has no jurisdiction of the subject matter of the action. The single issue presented by the assignments of error is whether the provisions of the constitution and laws of the United States relating to cases of admiralty and maritime jurisdiction preclude the courts of this state from entertaining the present suit.

The constitution of the United States provides that the judicial power of the United States shall extend to "all cases of admiralty and maritime jurisdiction." Art. III, § 2. Under § 9 of the judiciary act of 1789 (c. 20, 1 Stat. 76), this judicial power was vested in the Federal district courts. This statute has been amended several times and now reads as follows:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U. S. C. A., § 1333.

Appellants contend that Federal courts, in the exercise of admiralty and maritime jurisdiction under these constitutional and statutory provisions, have no jurisdiction over the particular kind of controversy before us. If this be true, then the state court, in entertaining this suit, would not be

trespassing upon any of the reserved admiralty and maritime powers of the Federal government.

In support of. this view, appellants first argue that admiralty courts have no jurisdiction to sell a vessel at the request of the owners of the minority interest. *Andrews v. Betts,* 8 Hun (New York) 322; *Swain v. Knapp,* 32 Minn. 429, 21 N. W. 414; and *Reynolds v. Nielson,* 116 Wis. 483, 93 N. W. 455, 96 Am. St. Rep. 1000, are cited in support of this proposition.

The cited cases announce the proposition contended for. The *Andrews* and *Swain* cases derive the rule from several Federal court decisions wherein the courts declined to decree a sale of the vessel upon the request of the minority owners. The *Reynolds* case cites, as authority, the *Andrews* case and Knapp on Partition 491. Knapp indicates doubt as to whether admiralty can exercise jurisdiction in such a case, but does not categorically deny that admiralty has such jurisdiction.

All of these cases and authorities were discussed and their reasoning rejected in *Fischer v. Carey,* 173 Cal. 185, 159 Pac. 577, L. R. A. 1917A 1100. The California court points out that in none of the Federal cases relied upon in *Andrews v. Betts* and *Swain v. Knapp* did the court dismiss the action for want of jurisdiction. On the contrary, in each of these Federal cases, the court exercised jurisdiction over the subject matter, and considered the case on its merits. It is true that relief was denied in each of these cases. However, this was not because the court lacked jurisdiction, but because the circumstances called for application of the dominant admiralty principle that the majority owners have the right to use and control the vessel.

The California court also reviewed many other cases and text authorities, and discussed the historical development of admiralty jurisdiction. There is no doubt but that, for a long period of time, the English admiralty courts lacked jurisdiction to decree the sale of a vessel. This was an outgrowth of the early struggle between the common-law and admiralty courts of England. As indicated in *Fischer v.*

*Carey*, such restrictions upon admiralty jurisdiction have never obtained in the United States and are no longer effective in England.

■ The California court reached the conclusion that admiralty had jurisdiction to decree a sale at the instance of minority owners. We are in accord with that view.

Appellants also contend that admiralty courts have no jurisdiction where the primary purpose of the action is to obtain an accounting.

■ Appellants correctly state the rule relied upon. Accounts between part owners are of equitable cognizance, and where their adjustment is the sole or principal object of the proceeding, a court of admiralty will not take jurisdiction. *The Owego*, 289 Fed. 263; 90 Am. St. Rep. 355, 391, annotation; 1 Benedict on Admiralty (6th ed.) 161, § 75.

In our opinion, however, the primary purpose of the suit before us is not to obtain an accounting, but to force a sale of the vessel and distribution of the proceeds. The only reference in the amended complaint to an accounting comes in the final paragraph of the prayer wherein it is asked that respondents make a full disclosure and accounting of the property of these parties and the operations "with a view to aiding said receiver in a decision [division] of all assets of the parties."

The prayer for an accounting is thus incidental to the principal object of obtaining the sale of the vessel for partition. We have already seen that admiralty has jurisdiction with respect to that principal object. This calls for application of the rule that, where admiralty acquires jurisdiction on valid grounds, it may, incidental to the main relief, decree an accounting between the parties. *The John E. Mulford*, 18 Fed. 455; *The Emma B.*, 140 Fed. 771; 1 Benedict on Admiralty (6th ed.) 149, § 71; Hughes on Admiralty (2d ed.) 400, § 189; 90 Am. St. Rep. 355, 392, annotation.

We therefore conclude that the Federal courts, in the exercise of admiralty and maritime jurisdiction under the constitutional and statutory provisions referred to

above, have jurisdiction over the particular kind of controversy posed by the pleadings before us.

Appellants further contend, however, that if admiralty has this jurisdiction, it is not exclusive. The theory here is that concurrent jurisdiction is saved to the states by operation of the saving clause of the judicial code, quoted above. *State v. Watts*, 7 La. 440, 26 Am. Dec. 507; *Taylor v. Steamer Columbia*, 5 Cal. 275; *Francis v. Lavine*, 26 La. 311; *Andrews v. Betts, supra; Gindele v. Corrigan*, 129 Ill. 582, 22 N. E. 516, 16 Am. St. Rep. 292; *Knapp, Stout & Co. v. McCaffrey*, 178 Ill. 107, 52 N. E. 898, 69 Am. St. Rep. 290; and *The Alcalde*, 132 Fed. 576, are relied upon in this connection.

In the first of these cases, *State v. Watts*, decided in 1834, the minority owner sought a sale of the vessel for the dual purpose of effecting a partition and recovering an indebtedness due from his coproprietor. On the authority of Judge Story's Commentaries on the Constitution (3 Story Com. 527 *et seq.*), it was held that the state court could take cognizance of the subject matter.

In the excerpt from the commentaries relied upon, Judge Story was not speaking of actions for partition, which are essentially *in rem. Dennis v. Godfrey*, 122 Wash. 207, 210 Pac. 507; *Salinas v. Jones*, 60 F. (2d) 1049. Instead, he was referring to "contracts, claims, and services," where relief may be obtained in a suit *in personam*. The common-law remedy saved to suitors is the right to proceed *in personam* against the defendant. *Taylor v. Carryl*, 61 U. S. 583, 15 L. Ed. 1028; *The Moses Taylor*, 71 U. S. 411, 18 L. Ed. 397; 1 Benedict on Admiralty (6th ed.) 35, § 22.

One of the purposes of the suit in the *Watts* case was to recover on an indebtedness—a remedy which the common law is competent to give. In this connection, the sale of the vessel amounted to an attachment proceeding to enforce a personal judgment. Where the subject matter of the suit is a personal action against the vessel's owner, security for payment of the personal judgment may be obtained by a state court attachment against the vessel like any other property. *Rounds v. Cloverport Foundry & Machine Co.*,

237 U. S. 303, 59 L. Ed. 966, 35 S. Ct. 596. On this basis the result reached in the *Watts* case is correct, and is supported by the authority relied upon. We do not believe, however, that the *Watts* case can be accepted as authority for the proposition that, absent any element of personal action, a suit for partition, involving a vessel subject to admiralty jurisdiction, may be entertained in state courts.

In *Andrews v. Betts, supra,* also cited by appellants, the court held that state courts had concurrent jurisdiction to decree the sale of a vessel for partition. The court relied upon *Tinney v. Stebbins,* 28 Barb. (N.Y.) 290, and several other cases which hold that, where tenants in common of personal property are unable to agree as to the use of the property, equity is competent to give relief by decreeing the partition of the property, or a sale thereof where partition is impracticable. None of the cases cited in the *Andrews* opinion involved the sale for partition of a vessel subject to admiralty jurisdiction. The court apparently assumed that, if equity provides such a remedy as to any personal property, it will do so as to a vessel subject to admiralty jurisdiction.

This, in our judgment, assumes the very point in controversy. With respect to personal property other than vessels, the rule is established that equity will decree a sale for partition. *Pickering v. Moore,* 67 N. H. 533, 32 Atl. 828, 31 L. R. A. 698, 68 Am. St. Rep. 695; *Warren v. Boggs,* 83 W. Va. 89, 97 S. E. 589; *Tioga No. 2 Bldg. Ass'n v. No. Philadelphia Trust Co.,* 125 Pa. Super. Ct. 234, 189 Atl. 708. The question is, has that equity jurisdiction ever existed with respect to vessels subject to admiralty jurisdiction? The *Andrews* opinion does not cite any case where equity has taken jurisdiction with respect to the partition of a vessel.

It has been noted that a suit for partition is a proceeding *in rem.* The remedy saved to suitors by the judiciary code is the right to proceed *in personam* against the defendant. *The Moses Taylor, supra.* With respect to actions *in rem,* the applicable principle, amply supported by authorities, is stated by Benedict, as follows:

"The right to proceed *in rem* is the distinctive remedy of the admiralty and hence administered exclusively by the United States courts in admiralty: no State can confer jurisdiction upon its courts to proceed *in rem*, nor could Congress give such power to a State, since it would be contrary to the constitutional grant of such power to the Federal Government. The saving clause of the Judiciary Act and of the Judicial Code does not contemplate admiralty remedies in a common law court." 1 Benedict on Admiralty (6th ed.) 38, § 23.

Our examination of the authorities leads us to subscribe to the above-quoted views of Benedict. Accordingly, we cannot regard *Andrews v. Betts* as persuasive precedent on this point.

The other cases cited by appellants in support of their contention for concurrent state jurisdiction are not in point. None of them involved a sale of a vessel for partition. Moreover, the broad language of the opinion in one of these cases, *Taylor v. Steamer Columbia* (California), to the effect that the states have the power to confer admiralty jurisdiction upon their own courts, was expressly disavowed in the later California case of *Fischer v. Carey; supra.* In another of these cited cases, *The Alcalde, supra,* the Federal court specifically refused to pass upon the question of whether the state trial court had erred in appointing a receiver to take legal custody of the vessel.

Appellants, being minority owners, are here confronted with an admiralty principle which prevents them from obtaining, in an admiralty court, the desired sale of the vessel for partition. They seek to circumvent that obstacle by applying to the state court for relief, and point to the saving clause above referred to as permitting this recourse.

The fundamental purpose of Art. III, § 2, of the Federal constitution was to "preserve adequate harmony and appropriate uniform rules relating to maritime matters and bring them within control of the Federal government." *Knickerbocker Ice Co. v. Stewart,* 253 U. S. 149, 64 L. Ed. 834, 40 S. Ct. 438, 11 A. L. R. 1145. The saving clause (28 U. S. C. A. § 1333(1)) was never intended as a device whereby litigants could escape the uniform application of

established principles of admiralty law, as contemplated by the constitution. This is indicated by such decisions as *Southern Pac. Co. v. Jensen*, 244 U. S. 205, 217, 61 L. Ed. 1086, 37 S. Ct. 524; *Chelentis v. Luckenbach S. S. Co.*, 247 U. S. 372, 384, 62 L. Ed. 1171, 38 S. Ct. 501; *Knickerbocker Ice Co. v. Stewart, supra*; and *Washington v. W. C. Dawson & Co.*, 264 U. S. 219, 68 L. Ed. 646, 44 S. Ct. 302 (affirming 122 Wash. 572).

In the *Chelentis* case, the court said:

"Plainly, we think, under the saving clause a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law." (p. 384.)

And in the *Knickerbocker* case, it was said, quoting the early case of *The Lottawanna*, 88 U. S. 558, 22 L. Ed. 654:

" 'That we have a maritime law of our own, operative throughout the United States, cannot be doubted. . . . One thing, however, is unquestionable; the Constitution must have referred to a system of law coextensive with, and operating uniformly in, the whole country. It certainly could not have been the intention to place the rules and limits of maritime law under the disposal and regulation of the several States, as that would have defeated the uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the States with each other or with foreign states.' " (pp. 160-161.)

■ We therefore conclude that the courts of this state do not have jurisdiction, concurrent or otherwise, over the particular kind of action stated in appellants' amended complaint.

The judgment is affirmed.

MALLERY, HILL, FINLEY, and OLSON, JJ., concur.

---

February 5, 1952. Petition for rehearing denied.