**Brent L. SELLICK, Appellant,**

v.

**SUN HARBOR MARINA, INC., a Nevada Corp., Appellee.**

**No. 20943.**

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1967.

Rehearing Denied Dec. 7, 1967.

Brent Sellick, in pro. per.

Higgs, Jennings, Fletcher & Mack, Edward Wright, Wright & Toothacre, San Deigo, Cal., for appellee.

Before POPE, JERTBERG and BROWNING, Circuit Judges.

POPE, Circuit Judge.

On October 21, 1962, the appellant sold the vessel here in controversy under a conditional sales contract to some persons named Potter. The Potters berthed the vessel at the appellee's wharf thereby incurring wharfage fees which were paid until April, 1963. Thereafter they were unable to pay the wharfage due. The appellee claimed a possessory lien upon the vessel for unpaid storage charges. After appropriate demands upon the Potters and upon the appellant for payment of

these charges and after notice of sale in the manner prescribed by the California Civil Code, appellee sold the vessel at public auction to satisfy its lien and purchased the vessel at the sale.

Thereafter the appellee brought in a California Superior Court an action against the appellant and the Potters to quiet title to the vessel. The appellant appeared by answer in that action and filed a cross-complaint against the appellee alleging substantially the matters complained of in the appellant's complaint filed in the court below in the cause now before us. Following trial of that action the Superior Court made findings of fact and conclusions of law in favor of the plaintiff in that suit, (the appellee here), and entered its decree quieting title to the vessel in the appellee against the appellant and the Potters. The appellant then proceeded to take an appeal from the Superior Court judgment to the District Court of Appeal which affirmed the Superior Court decree. Hearing was denied by the Supreme Court. The decision of the District Court of Appeal is reported at 58 Cal.Rptr. 459.

Claiming that the California state courts were without jurisdiction to entertain that action and that their judgments were void, the appellant filed his libel in personam in the court below seeking damages for alleged conversion of the ship. His libel was dismissed by the district court and he brings this appeal.

It is plain that if the State court had jurisdiction to enter its quiet title decree, that decree ended all the appellant's rights or claims as to the vessel. Therefore, the fundamental question before us is whether the State court had jurisdiction.

Appellant made the same claim of want of jurisdiction in his appeal in Sun Harbor Marina Inc. v. Sellick, supra, in the District Court of Appeal. That court upheld the state court's jurisdiction upon the ground that jurisdiction was granted under the saving to suitor's clause in 28 U.S.C. § 1333(1). That section provides as follows: "The district courts shall have original jurisdiction, exclusive of

the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

In his argument here the appellant, noting that the saving to suitors clause does not confer upon state courts the right to entertain proceedings in rem against vessels, The Moses Taylor, 4 Wall. 411, 71 U.S. 411, 18 L.Ed. 397; The Hine v. Trevor, 4 Wall. 555, 71 U.S. 555, 18 L.Ed. 451, asserts that the "state court conducted an in rem action as the action of giving appellees quiet title is an in rem action."

■ The fallacy in appellant's argument is apparent from what was said by the Supreme Court in Madruga v. Superior Court, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290. The Court there noted, at page 560, 74 S.Ct. at page 300, that: "Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." That was a case in which action was brought in a California court for sale of a vessel and partition of the proceeds pursuant to a California statute. The Supreme Court, upholding the state court's jurisdiction said (p. 561, 74 S.Ct. p. 301): "The proceedings in this California partition case were not in rem in the admiralty sense. The plaintiffs' quarrel was with their co-owner, not with the ship. Manuel Madruga, not the ship, was made defendant. Thus the state court in this proceeding acts only upon the interests of the parties over whom it has jurisdiction in personam, and it does not affect the interests of others in the world at large, as it would if this were a proceeding in rem to enforce a lien. The California court is 'competent' to give this partition remedy and it therefore has jurisdiction of the cause of action."

■ In like manner it must be said here that the state court action to quiet

title, an action in aid of the lien fore-closure sale, was not brought against the ship but solely against the individuals Sellick and the Potters. It was not a proceeding in rem in the admiralty sense. The only persons bound by that judgment were the named individual defendants Sellick and the Potters and hence the District Court of Appeal was correct in holding that the saving to suitors clause was applicable and that the state courts had jurisdiction to enter the quiet title decree.[1]

The judgment is affirmed.

---

1. In this holding we should not be understood to be approving the suggestion made in the opinion of the District Court of Appeal that the changes made in the saving to suitors clause in the 1948 revision of the statute had a "broadening effect". See the discussion of this matter in Gilmore & Black, The Law of Admiralty, p. 35.