[No. 1886-1.    Division One.    May 20, 1974.]

HOWARD N. PASTERNACK, *Respondent*, v. MARTIN LUBETICH *et al., Appellants.*

*Jackson, Ulvestad & Goódwin* and *Thor P. Ulvestad*, for appellants.

*Donald G. Cohan*, for respondent.

SWANSON, C.J.—The King County Superior Court quieted title to a 28-foot boat in the plaintiff Howard N. Pasternack and ordered Martin Lubetich to return possession of the craft to the plaintiff and to pay $3,500 in damages for plaintiff's loss of use of the vessel. Lubetich appeals.[1]   This appeal comes to us only on the question of the trial court's

[1] Appellants include Martin Lubetich and his wife, and Martin Lubetich's nephew, Peter Lubetich and wife. Martin Lubetich will be referred to herein as if he were the sole appellant. Gilbert W. Wood and Julie B. Wood, his wife, and Al Benson and Julia Benson, his wife, were named defendants but do not appeal.

jurisdiction. It is appellant's contention that an action to determine title to a vessel and the right to possession is essentially an in rem proceeding within the exclusive jurisdiction of the federal district court sitting as a court of admiralty. Respondent's position is that in such a case as this, the federal court's jurisdiction is concurrent with that of state courts and, consequently, the trial court acted with jurisdiction. We agree and affirm.

Article 3, section 2 of the United States Constitution extends the judicial power of the United States to all cases of admiralty and maritime jurisdiction,[2] and 28 U.S.C.A. § 1333, the language of which has evolved through amendment from the Judiciary Act of 1789, states in part:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Although this statute endows the federal courts with "exclusive" admiralty jurisdiction, it also includes the famous "saving to suitors" clause.[3] It is from this clause in the statute that state courts derive in personam admiralty jurisdiction thereby creating an area of concurrent state and federal jurisdiction. *Scudero v. Todd Shipyards Corp.*, 63 Wn.2d 46, 385 P.2d 551 (1963). In this context, respondent concedes that this action is a case cognizable in admiralty,

---

[2]"The fundamental purpose of Art. III, § 2, of the Federal constitution was to 'preserve adequate harmony and appropriate uniform rules relating to maritime matters and bring them within control of the Federal government.' *Knickerbocker Ice Co. v. Stewart*, 253 U.S. 149, 64 L. Ed. 834, 40 S. Ct. 438, 11 A. L. R. 1145." *Cline v. Price*, 39 Wn.2d 816, 822, 239 P.2d 322 (1951).

[3]The original language of the Judiciary Act of 1789 saved "to suitors, in all cases, the right of a common law remedy where the common law is competent to give it," which varies somewhat from the present language of 28 U.S.C.A. § 1333; however, it appears that the amendments have not made any substantive change in the meaning or effect of the "saving to suitors" clause. *See* G. Gilmore & C. Black, *The Law of Admiralty* § 1-13 (1957), at 35; *Madruga v. Superior Court of California*, 346 U.S. 556, 560 n.12, 98 L. Ed. 290, 74 S. Ct. 298 (1954).

but asserts that the trial court correctly determined that it falls within the ambit of the "saving to suitors" clause of 28 U.S.C.A. § 1333, and therefore the trial court had jurisdiction.

■ It is stated in 2 Am. Jur. 2d *Admiralty* § 106 (1962):

> The clause [saving to suitors clause] makes no affirmative grant of jurisdiction, however; it merely excepts from the exclusive admiralty or maritime jurisdiction of the federal courts all cases in which suits may be brought to obtain other than admiralty remedies to which suitors are "otherwise entitled." And it should be obvious that the jurisdiction of the state court does not exclude the admiralty jurisdiction of the federal courts. [Footnotes omitted.]

And at § 108:

> But admiralty's jurisdiction is "exclusive" only as to those maritime causes of action that are begun and carried on as proceedings in rem—that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a right.

It therefore appears that if the suit is in personam, a claimant may elect to bring the action either in admiralty or, because of the savings clause, in a state court by ordinary civil action. Where the suit is in rem, however, only the admiralty court has jurisdiction. *Madruga v. Superior Court of California,* 346 U.S. 556, 98 L. Ed. 290, 74 S. Ct. 298 (1954); *The Hine v. Trevor,* 71 U.S. (4 Wall.) 555, 18 L. Ed. 451 (1866); *The Moses Taylor,* 71 U.S. (4 Wall.) 411, 18 L. Ed. 397 (1866). 1 E. Benedict, *The Law of American Admiralty* § 11 (6th ed. A. Knauth 1940), describes what is meant by a proceeding in admiralty at page 20:

> The foundation of jurisdiction *in rem* is the taking of the vessel into the custody of the court and the characteristic virtue of a proceeding *in rem* is that it operates directly upon the *res* as the titular respondent in the suit and the actual subject-matter of the jurisdiction and not, as at common law, mediately through the right, title or interest of a party brought before the court as defendant through personal service or the mere attachment of prop-

erty as his with a view to subjecting his interest therein to the satisfaction of the judgment. An admiralty court by seizure *in rem* acquires jurisdiction of all interests in the *res* and by decree *in rem* binds all. [Footnotes omitted.]

What is the nature of the proceedings that took place in the instant case? The trial court's findings of fact show that Lubetich purchased the 28-foot boat in question from the factory and placed it in the possession of Gilbert W. Wood and Al Benson, d/b/a Riviera Marina. Thereafter Pasternack bought the boat from Riviera Marina for $11,000 and received a bill of sale. When Wood and Benson failed to turn over the purchase price to Lubetich, he repossessed the boat. Pasternack brought suit framed in the alternative, seeking either rescission of the sale of the boat or return of the boat and money damages. The court found that Lubetich's self-help repossession was wrongful and concluded the sale to Pasternack constituted a transfer of title. The trial court then quieted title to the boat in Pasternack, ordered Lubetich to return the boat to Pasternack, and awarded damages against Lubetich for loss of use in the sum of $3,500.

Appellant contends that this action is within the category of admiralty proceedings in rem, such as a suit for partition and sale, and directs our attention to *Cline v. Price*, 39 Wn.2d 816, 239 P.2d 322 (1951). In *Cline*, minority shareholders in a fishing vessel brought an action in the superior court seeking the appointment of a receiver to take possession of the vessel, an adjudication of rights of the parties, and an order for the sale of the boat and distribution of proceeds. In ruling on a challenge to the jurisdiction, our state Supreme Court held the partition action was primarily a proceeding in rem over which federal district courts have exclusive jurisdiction. Subsequently, the United States Supreme Court, in a 1954 decision, *Madruga v. Superior Court of California, supra,* commented upon the diverse holdings in the various states as to the nature of a partition action and noted the holding in *Cline v. Price*,

*supra,* but decided that a suit by majority shareholders in a California state court for the sale of a vessel and partition of the proceeds was not primarily a proceeding in rem and therefore properly was brought in state court under the "saving to suitors" clause. The court stated in *Madruga* at page 560:

Admiralty's jurisdiction is "exclusive" only as to those maritime causes of action begun and carried on as proceedings *in rem,* that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. See, *e.g., The Moses Taylor,* 4 Wall. 411, 427; *The Resolute,* 168 U.S. 437, 440-441. It is this kind of *in rem* proceeding which state courts cannot entertain. But the jurisdictional act does leave state courts "competent" to adjudicate maritime causes of action in proceedings *"in personam,"* that is, where the defendant is a person, not a ship or some other instrument of navigation. *Rounds* v. *Cloverport Foundry & Machine Co.,* 237 U.S. 303, 306-309. Aside from its inability to provide a remedy *in rem* for a maritime cause of action, this Court has said that a state, "having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents, as it sees fit" so long as it does not attempt to make changes in the "substantive maritime law." *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U.S. 109, 124.

The proceedings in this California partition case were not *in rem* in the admiralty sense. The plaintiffs' quarrel was with their co-owner, not with the ship. Manuel Madruga, not the ship, was made defendant. Thus the state court in this proceeding acts only upon the interests of the parties over whom it has jurisdiction *in personam,* and it does not affect the interests of others in the world at large, as it would if this were a proceeding *in rem* to enforce a lien. The California court is "competent" to give this partition remedy and it therefore has jurisdiction of the cause of action.

Although the dissenting justices in *Madruga* considered the action in question to be one brought against the ship as the thing or the res, the majority of the court viewed the suit as one that did not possess the characteristics of an admiralty suit in rem and allowed it to proceed. The deci-

sive distinction appears to have been that the California state court was acting only on the interest of the defendant and that the judicial sale, if the case went that far, would affect only the parties named in the suit and would not, unlike an admiralty in rem action, result in conveyance of a title good against the world thereby extinguishing interests of those who were not parties to the suit.

In *Sellick v. Sun Harbor Marina, Inc.*, 384 F.2d 870 (9th Cir. 1967), a vessel was sold to satisfy a wharfage lien claimed by the Sun Harbor Marina, Inc., which purchased the vessel at the sale. The Marina then brought suit in the state court to quiet title to the vessel in itself. Thereafter, the prior owner sued in federal court alleging conversion based on the assertion that the state court proceedings were void for lack of jurisdiction. The *Sellick* court followed the rationale discussed in *Madruga* and determined that the state court action to quiet title to the vessel was in aid of the lien foreclosure sale and was not brought against the ship but solely against the individuals who claimed ownership of the vessel and allowed the lien to go unpaid. This, the court said, was not a proceeding in rem in the admiralty sense because the only persons bound by the judgment were the named individual defendants.

More recently, in *O.F. Shearer & Sons, Inc. v. Decker*, 349 F. Supp. 1214 (S.D. W.Va. 1972), the owner of a vessel sued in state court to recover a propeller which became dislodged from the vessel's drive shaft and sank into the Ohio River from which it was retrieved by the defendant. The defendant sought removal to federal court, but the federal district court held such removal to be improper. In determining that the state court possessed jurisdiction of plaintiff's cause of action, the court said at page 1219:

> The action in the state court is a possessory action similar to a detinue or replevin in action at common law. As stated by Justice Story in his Commentaries on the Constitution, 3 Story Commentaries on the Constitution 533 (1833), ". . . (I)n cases, where the jurisdiction of the courts of common law and the admiralty are concur-

rent, (as in cases of *possessory suits,* mariners' wages, and marine torts) there is nothing in the Constitution necessarily leading to the conclusion that the jurisdiction was intended to be exclusive; and there is little ground, upon general reasoning, to contend for it." (Emphasis added).

In the case at bar, Pasternack sought to recover possession of the boat and damages caused by the wrongful taking, or rescission. In resolving the controversy, the trial court had to decide only the ownership of the boat as against the persons involved and named as defendants in the suit. The suit was not brought against the vessel but only against the individuals, and thus presented a situation similar to that in *Madruga, Sellick* and *O.F. Shearer & Sons.* The proceeding affected only those who were parties to the lawsuit and did not amount to an adjudication of rights in the vessel as against the world. Accordingly, we hold that Pasternack's suit constitutes an action in personam and is not a proceeding in rem in the admiralty sense, and therefore the trial court had jurisdiction consistent with the "saving to suitors" clause of 28 U.S.C.A. § 1333.

Judgment affirmed.

HOROWITZ and WILLIAMS, JJ., concur.

Petition for rehearing denied July 18, 1974.

Review denied by Supreme Court October 11, 1974.